No. 44,120

Rex Woods, Executor of the Last Will and Testament of Genevra Williams, Deceased, *Appellant*, v. C. C. McQueen and Florence McQueen, *Appellees*.

(404 P. 2d 955)

Opinion filed August 20, 1965.

*A. L. Moffat*, of Kinsley, argued the cause, and *W. N. Beezley*, of Kinsley, was with him on the brief for the appellant.

*Rae E. Batt*, of Kinsley, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

Fontron, J.: This is an action to recover the balance due on a promissory note and to foreclose a mortgage given to secure its payment. The trial court sustained the defendants' motion for summary judgment, and the plaintiff has appealed.

The essential facts, as disclosed by the pleadings, supporting affidavits and findings made by the trial court, are not complicated. In August 1947, the defendants, C. C. McQueen and Florence McQueen, purchased an Edwards County farm from Steve and Genevra Williams, making a cash down payment and executing a $6,000.00 note and mortgage to Mr. and Mrs. Williams for the balance of the purchase price. This indebtedness was thereafter increased to $9,480.00, and to secure its payment, the McQueens, in March 1955, executed a new note and mortgage to the Williamses, as joint tenants with right of survivorship. On March 2, 1960, after the indebtedness

had been reduced to $5,000.00, another note and mortgage in that amount, bearing six percent (6%) interest, were executed by the McQueens and delivered to Mr. and Mrs. Williams, also as joint tenants with right of survivorship.

The Williams and McQueen families became fast friends, the former frequently visiting and spending their evenings at the McQueen farm home where they were respected as members of the family, and Steve Williams often accompanying C. C. McQueen on business trips to surrounding cities. On many occasions, Steve Williams said that before he died he intended to make a new mortgage arrangement whereby the McQueen debt would be extinguished upon his and Genevra's deaths, and both Steve and Genevra stated their desire to extinguish any such debt outstanding at the death of the last of them.

On November 27, 1960, Steve Williams died, without having made any new arrangement, at which time the McQueens still owed the full $5,000.00 indebtedness. This obligation had been reduced to $4,500.00 by January 19, 1961, when Genevra Williams, the survivor, called the McQueens and asked them to go with her to the office of a Kinsley insurance agent to make a new note and mortgage.

The McQueens thereupon proceeded to the city of Kinsley, where they executed and delivered to Genevra Williams a new note and mortgage dated January 19, 1961, in the principal amount of $4,500.00, bearing no interest and payable in annual installments of $500.00 on January 19 of each succeeding year. The following provisions were contained in the note and mortgage respectively:

"In the event of the death of Genevra Williams all remaining payments are to cease and this note shall be considered paid in full.

.   .   .   .   .   .   .   .   .   .   .   .

"If the said second party shall become deceased prior to the payment of the total amount due under this mortgage, then all remaining due payments shall become null and void and this mortgage shall cease and be released upon said first parties furnishing a written proof of death of the second party."

Subsequent to the making of this note and mortgage, the former note and mortgage of March 2, 1960, were released.

Genevra Williams died November 14, 1963, at which time $3,500.00 was still owed on the last note and mortgage. The McQueens refused to make further payments on that debt and the executor of Genevra's estate thereupon filed the present action.

It has been the plaintiff's position throughout the entire proceedings that the above-quoted provisions in the note and mortgage of January 19, 1961, are void and unenforceable on three grounds: first, that the transaction is not a valid testamentary disposition of the property; second, that it does not constitute a gift *inter vivos;* and third, that the provisions form no part of a valid contract because they are not supported by consideration. The trial court, in ruling upon motions for summary judgment filed by both plaintiff and defendants, agreed with the plaintiff's first two contentions. The court did find, however, that the note and mortgage of January 19, 1961, was a separate and distinct contract from that of March 2, 1960, and concluded that the challenged provisions constituted a valid contract enforceable against the estate of Mrs. Williams. This ruling is challenged by the plaintiff on this appeal.

Although the specific point has not heretofore been before this court, the prevailing view in this country supports the validity of an agreement made contemporaneously with a debt, that the debt or obligation shall be extinguished by the creditor's death. This predominant rule is typified by the holding in *Twyman v. Wood,* 61 Ohio App. 229, 22 N. E. 2d 495:

"An agreement to sell real estate, the purchase price to be paid in installments evidenced by notes bearing different dates of maturity and secured by mortgage, and providing that upon the vendor's 'death at any time the debt is paid in full,' is a valid contract and not an attempt to make a testamentary disposition of property." (Syl. ¶ 1.)

The principle also finds clear expression in *Moore v. Brinkley,* 200 N. C. 457, 157 S. E. 129, where it was held:

"A written agreement made with consideration contemporaneously with the execution and delivery of notes secured by a mortgage, that the obligor be absolutely released as to the obligee or her estate upon her death is valid." (Syl. ¶ 1.)

Other cases of like import are collected in an annotation in 127 A. L. R., commencing on page 634, to which the reader is referred if he desires to research or ponder the question further.

But the plaintiff insists that the challenged provisions in the note and mortgage in this case are not supported by consideration. We do not agree. The note and mortgage were made and delivered to Mrs. Williams at her specific behest and, it must be assumed, for her personal gratification. The McQueens were under no legal obligation to travel to Kinsley and there execute new documents in which, at least, the dates of payment were changed,

presumably by being advanced, and Mrs. Williams was named the sole instead of a joint obligee.

It is true, as the plaintiff has pointed out, that the indebtedness evidenced by the note and mortgage given Genevra Williams on January 19, 1961, remained the same as the balance which was then due on the prior note and mortgage which had been executed to Steve and herself on March 2, 1960. However, the consideration for an agreement need not redound to the obligor's financial betterment, in order that it be valid. The applicable rule is stated in 17 Am. Jur. 2d, Contracts, pp. 438, 439, where it is said:

"It is widely held that a benefit to the promisor or a detriment to the promisee is sufficient consideration for a contract. The terms 'benefit' and 'detriment' are thus used in a legal or technical sense and have no necessary reference to material advantage or disadvantage to the parties, or to any actual pecuniary gain or loss. . . ."

In passing upon the adequacy of consideration in *Wolford v. Powers, Administratrix,* 85 Ind. 294, the Indiana Supreme Court spoke as follows:

"Where a party contracts for the performance of an act which will afford him pleasure, gratify his ambition, please his fancy, or express his appreciation of a service another has done him, his estimate of value should be left undisturbed, unless, indeed, there is evidence of fraud. . . ." (p. 303.)

The rule is followed by this court. Speaking in *In re Estate of Shirk,* 186 Kan. 311, 350 P. 2d 1, we said:

". . . Generally speaking, consideration is not insufficient merely because it is inadequate. To be sufficient, the consideration agreed upon must be a legal benefit or detriment, and need not be a thing of pecuniary value or reducible to such value. . . ." (p. 321.)

We are of the opinion that, under the facts shown by the record in this case, it may not be said that the provisions in the note and mortgage of January 19, 1961, terminating the McQueens' liability in the event of Genevra Williams' death, were based on insufficient consideration. They were part and parcel of a new and separate agreement induced by Mrs. Williams herself, in which changes were effected from previous agreements. For more than two years the terms of this new arrangement were followed, the McQueens making the payments as called for, and Mrs. Williams accepting them. We hold the agreement to be valid.

The conclusion we have reached does not conflict with cases cited by plaintiff. Adequacy of consideration was not involved in either *Fourth National Bank v. Hill,* 181 Kan. 683, 314 P. 2d 312, or *Potwin*

*State Bank v. Ward,* 183 Kan. 475, 327 P. 2d 1091. Both cases dealt with the rights of mortgagees as against third parties, where time for payment of the mortgage indebtedness had been extended by renewal notes. In neither case had the mortgage been released. Nor do we find the factual situation to be the same in either *Gonder v. Dodge,* 97 Kan. 562, 155 Pac. 937, or *Cron v. Zimmerman,* 160 Kan. 78, 159 P. 2d 400, as in the present proceeding. We consider neither of these cases to be in point.

The plaintiff urges that the provisions terminating the McQueens' obligation at the death of Mrs. Williams constitute a valid gift *inter vivos.* While there is authority supporting such a premise, we find it unnecesary to determine the question here.

For the reasons outlined above, the judgment of the lower court is affirmed.