445 P.2d 708

Richard P. HAMPTON and Patricia L. Hampton, his wife, Plaintiffs and Appellants,

v.

STATE of Utah By and Through its ROAD COMMISSION et al., Defendants and Respondents.

No. 10997.

Supreme Court of Utah.

Sept. 30, 1968.

Turner, 19 Utah 2d 284, 431 P.2d 121 (1967).

James A. McIntosh, Salt Lake City, for plaintiffs and appellants.

Phil L. Hansen, Atty. Gen., Gary A. Frank, Asst. Atty. Gen., Salt Lake City, for defendants and respondents.

CALLISTER, Justice:

Appellants commenced this action against the State of Utah, the State Road Com-mission, the individual members thereof, and others involved in the construction of a highway, Interstate 15. Appellants are the owners of certain real property with improvements thereon located in the City of Clearfield, Utah.

■ In their first cause of action, appellants alleged that the construction activities had been conducted in such a negligent manner that their property had been damaged by vibration caused by the operation of equipment, by the deposit of excessive amounts of dust, by excessive noise, and by the cracking of walls and ceilings in their home. In addition, they claimed damages for extreme mental anguish and emotional distress. They claimed damages in the amount of $6,000.

The State asserted the defense of sovereign immunity. This court has consistently held that sovereign immunity is a bar to such a claim for damages. Specifically, in Hurst v. Highway Department,[1] plaintiffs sought damages caused by dust and smoke from the operation of a gravel pit owned by the State. This court affirmed the action of the district court in granting the Department of Highway's motion to dismiss on the ground of sovereign immunity.

In plaintiffs' remaining causes of action, they alleged that in 1959, they constructed a driveway on their property which provided their means of egress and ingress to

[1]. 16 Utah 2d 153, 397 P.2d 71 (1964).

300 North Street, a road which runs directly in front of their property and provides a means of access thereto. Appellants contend that in the process of constructing Interstate 15, respondents erected a fence and guard rail across 300 North Street and excavated the street easterly from the fence, in such a manner as substantially to interfere with appellants' right of access. Appellants contend that respondents have taken their property without paying just compensation and that they further refused to institute any condemnation proceedings. Respondents' sole offer was to rebuild and realign appellants' driveway so as to provide access to the property. Appellants have rejected this proposal on the ground that it would materially and adversely damage their property. Appellants have sought relief in the alternative, either an injunction enjoining respondents from further interfering with their right of access and an order requiring respondents to move the fence and guard rail and fill in the street so as to restore their right of access to their property or for an order requiring the State of Utah, the Utah State Road Commission, and its members to commence condemnation proceedings.

The respondents filed a motion to dismiss, which the trial court granted on the ground of sovereign immunity. In essence,

respondents assert that any damages suffered by appellants are consequential in nature and their sole means of redress is the Board of Examiners.

It should be observed that this court has developed a procedural distinction between a "taking" and "damage," for the landowner has been denied recovery in a situation involving the liability of a highway authority for consequential damage.[2]

In the Fairclough case, this court observed:

> * * * consistently and historically we have ruled that the State may not be sued without its consent; taken the view that Art. I, Sec. 22 of our Constitution is not self-executing, nor does it give consent to be sued, implied or otherwise; and that to secure such consent is a legislative matter, a principle recognized by the legislature itself. * * *

However, the Fairclough opinion specifically recognized that the State has given consent in Section 78–11–9, U.C.A.1953, to be named a defendant in a suit "for the recovery of any property real or personal or for the possession thereof or to quiet title thereto, * * *."

This distinction between a "taking" and consequential damage was first developed in Utah by Justice Wolfe in his dissenting

2. State By and Through Road Commission v. Parker, 13 Utah 2d 65, 368 P.2d 585 (1962); Fairclough v. Salt Lake County, 10 Utah 2d 417, 354 P.2d 105 (1960); Springville Banking Co. v. Burton, 10 Utah 2d 100, 349 P.2d 157 (1960).

opinion in State by State Road Commission v. District Court, Fourth Judicial District.[3] He stated that the remedy to prevent a "taking" without agreed compensation or condemnation would be by injunction because such taking would be without authority. On the other hand, an injunction will not be allowed where the State Road Commission neither physically takes any property nor while not actually intruding does not cause such a serious interference with the enjoyment of the abutting property as to amount to a "taking," since any consequential damage which may incidentally occur or be caused by the State Road Commissioners' acts does not divest them of their authority.

Respondents contend that since there has been no taking of any real property contained within the legal description of appellants' deed, their alleged impairment of egress and ingress constitutes a mere consequential damage to which the State's defense of sovereign immunity is a bar.

■ Respondents have overlooked the fact that all easements of a permanent character, that have been created in favor of the land sold, and which are open and plain to be seen, and are reasonably necessary for its use and convenient enjoyment, unless expressly reserved by the grantors, pass as appurtenances to the land.[4] Therefore, respondents can place no reliance on the fact that an easement appurtenant is not specifically contained within the property's legal description.

Does the obstruction of appellants' driveway constitute a "taking"?

In Dooly Block v. Salt Lake Rapid Transit Co.,[5] this court determined that the rights of access, light and air are easements appurtenant to the land of an abutting owner on a street, and that they are property rights forming part of the owner's estate. These rights "cannot be so embarrassed or abridged as to materially interfere with its proper use and enjoyment, and they are, in effect, property of which the owners cannot be deprived without due compensation." [6]

The right of access to the highway however, is in the nature of a special easement, which exists as a right of own-

3. 94 Utah 384, 387, 78 P.2d 502 (1938).
4. Rollo v. Nelson, 34 Utah 116, 124, 96 P. 263, 26 L.R.A.,N.S., 315 (1908).
5. 9 Utah 31, 37, 38, 33 P. 229, 232, 24 L.R.A. 610 (1893).
6. There is some language in Justice Wolfe's dissent in State by State Road Commission v. District Court, Fourth Judicial District, footnote 3, supra, which might cast doubt on whether interference with an abutting owner's easement constitutes a "taking." The Justice clarified this matter in his concurring opinion in State by State Road Commission v. Rozzelle, 101 Utah 464, 469, 120 P.2d 276, 278 (1941), where he stated: " * * * Any losses resulting from unreasonably cutting off their own access to their property or unreasonably interfering with their light and air given by reason of their abutting on a public highway are compensable. * * * "

ership of abutting land, and is a substantial property right which may not be taken away or impaired without just compensation, and is subject only to a reasonable regulation. * * * the maintenance of a driveway into property exists as of right.[7]

In the instant action, appellants' property rights in their driveway, which have been allegedly impaired by the State, are clearly outlined by the following language in Utah Road Commission v. Hansen:[8]

* * * We are aware that in the case of Dooly Block v. Salt Lake Rapid Transit Co. this court stated that an owner whose property abuts on established public street had an easement of access thereto, and we agree that where such is taken it would constitute the taking of property covered by our eminent domain statute. [In a footnote the court cites 78–34–2, U.C.A.1953.] It should be kept in mind that the Dooly case dealt with an established easement and whether such a right of access could exist in the absence of an established use was not considered.

*   *   *   *   *   *

* * * an easement of access contemplates a traveled way from the property to the highway.

* * * Absent an established easement, all the abutting owner is entitled to is some reasonable means of access to the highways * * *. The trial court wisely so instructed the jury and gave them a special interrogatory as to whether the limitation of access resulting to the defendants was unreasonable, * * *.

A case of particular merit which ably reviews this area of the law is State ex rel. State Highway Commission v. Meier,[9] from which the following is quoted:

An abutting owner's property right to "access" is better described as the right of ingress and egress to and from his property and the abutting public highway. The right also includes the further right to connect with or reach the system of public highways, which right is also subject to reasonable restrictions under the police power of the State in protecting the public and facilitating traffic. The right does not include the right to travel in any particular direction from one's property or upon any particular part of the public highway right-of-way because, after one is upon the highway he has the same right as all other travelers and the right of travel is a public right and controlled by the police power of the

---

7. Basinger v. Standard Furniture Co., 118 Utah 121, 126, 220 P.2d 117, 119 (1950).
8. 14 Utah 2d 305, 309, 383 P.2d 917, 919 (1963).

9. Missouri, 388 S.W.2d 855, 857, 859, 860 (1965).

State.[10] Nor does the right of ingress or egress to or from one's property include any right in and to existing public traffic on the highway, or any right to have such traffic pass by one's abutting property. The reason is that all traffic on public highways is controlled by the police power of the State, and what the police power may give an abutting property owner in the way of traffic on the highway it may take away, and by any such diversion of traffic the State and any of its agencies are not liable for any decrease of property values by reason of such diversion of traffic, because such damages are "damnum absque injuria", or damage without legal injury. * * *

  *   *   *   *   *   *

Further, many cases deal with the rights of an abutting owner upon a public street or highway and point out that such right constitutes a property right and is an interest in land which cannot be taken by condemnation without payment therefor. Nevertheless, the cases point out that this right is subject to certain well-recognized limitations and exclusions. One of these limitations is that the right of ingress and egress does not extend to every foot of the condemnee's frontage, but under the police power of the State the right may be limited to reasonable access under the existing facts and circumstances. [Citation omitted.] Every citizen holds his property subject to the valid exercise of the police power. * * *

A party may recover only when his private property rights are taken, *but not for rights he enjoys as a member of the public.* * * * The right of an abutting owner to access to and from the street is a *private right,* in the sense that it is something different from the right which the members of the public have to use the street for public purposes. Conformably to this doctrine, and in part based upon it, a person owning or in possession of premises abutting on the public highway or street, *whose right of access to the same is unreasonably or unlawfully obstructed,* may recover from the person causing such obstruction damages for the private injury he sustains, where such damages are particular, direct, and substantial. * * * [Emphasis added by the court.] [11]

10. This language is significant because the appellants in the instant action in their pleadings allege damages because of their loss of the right to travel in an easterly direction along 300 North Street.

11. Also see State ex rel. State Highway Commission v. Brockfeld, Mo., 388 S.W. 2d 862 (1965); Iowa State Highway Comm. v. Smith, 248 Iowa 869, 82 N.W. 2d 755, 73 A.L.R.2d 680 (1957); City of Phoenix v. Wade, 5 Ariz.App. 505, 428 P.2d 450 (1967); Brock v. State Highway Comm., 195 Kan. 361, 404 P.2d 934 (1965); Farris v. City of Twin Falls, 81 Idaho 583, 347 P.2d 996 (1959); Deaconess Hospital v. Washington State

348

In conclusion, the trial court properly dismissed plaintiffs' first cause of action for damages to their property caused by vibration, dust and noise, since the defense of sovereign immunity is a bar. In plaintiffs' remaining causes of action, insofar as they allege a substantial and material impairment of access to their property, constituting a "taking," the trial court erred in granting defendants' motion to dismiss. As Justice Wolfe observed in his dissent in State by State Road Commission v. District Court, Fourth Judicial District [12] at page 406 of the Utah Reports, at page 512 of 78 P.2d: "Where that authority depends on the ascertainment of the fact of whether or not there is a 'taking' the court may entertain the suit in order to determine what are the facts, and, consequently, whether the authority existed. * * *"

This case is reversed and remanded for a factual determination of whether plaintiffs' property has been "taken" by a denial of their free and convenient access to their property. Appellants' remaining points of argument are without merit.

CROCKETT, C. J., and HENRIOD, TUCKETT, and ELLETT, JJ., concur.

Highway Comm., 66 Wash.2d 378, 403 P.2d 54 (1965); 3 Nichols On Eminent Domain (3d Ed.) § 10.221 [2], pp. 369–370, § 10.221 [5], pp. 375–377; 2 Nichols

On Eminent Domain (3d Ed.), § 5.72 [1], pp. 110–115, § 6.2, pp. 392–393, § 6.32, pp. 416–418.

12. Footnote 3, supra.