GORGOZA, INC., a corporation, and James B. Conkling, et ux., Plaintiffs and Appellants,

v.

UTAH STATE ROAD COMMISSION, Defendant and Respondent.

No. 14351.

Supreme Court of Utah.

July 21, 1976.

---

Robert F. Orton of Hansen & Orton, Salt Lake City, for plaintiffs and appellants.

Vernon B. Romney, Atty. Gen., Leland D. Ford, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff, Gorgoza, Inc. brought this action based on allegations of breach of contract and negligence, to recover for damages to its resort property just east of the summit of Parley's Canyon, in Summit County, resulting from the construction of the new interstate highway I–80. The trial court granted defendant's motion for summary judgment.

Plaintiff appeals, contending that there was a valid agreement between the parties, as to the manner of construction and maintenance of the road, which the defendant has failed to perform; that therefore, governmental immunity is not a bar to this suit; and that there are disputes concerning facts which must be resolved in order to settle those issues.

In May of 1971, counsel for defendant Road Commission asked plaintiff's attorney to accept service of process in an eminent domain proceeding and to agree to an order of immediate occupancy of part of plaintiff's land to be taken and used in the construction of the highway. Plaintiff's attorney agreed in exchange for a promise that certain provisions concerning the construction of the road and access to the plaintiff's remaining property be incorporated into the order. Pursuant to their discussion an agreement was prepared and executed which in the part pertinent here stated that in connection with the construction of the highway there would be provided for the plaintiff's benefit "reasonable access" to its remaining property so not to interfere with the plaintiff's commercial activities thereon. This agreement was adopted by the court and made a part of its Order of Immediate Occupancy.

During the following year, 1972, disputes arose between the parties concerning whether the covenant of affording "reasonable access" was being complied with. On October 27, 1972, the parties entered into an agreement that the plaintiff could file this action and have an adjudication upon its claims. After the filing of this action on the basis above set forth, and the completion of discovery proceedings, the parties entered into a stipulation of facts and upon motions for summary judgment submitted the case to the court on the issue: whether the order of immediate occupancy incorporating the agreement as set forth above created a valid and binding obligation on the defendant.

In support of its motion for summary judgment and the view adopted by the trial court in granting it, defendant contends that as an arm of state government it is protected by sovereign immunity. It places reliance on prior adjudications to the effect that a property owner has no vested interest in the location of a highway,[1] and that he has no cause of action for a change therein or for damages resulting from making access to his property more difficult,[2] but might have a remedy only if it were deprived of access entirely.[3]

The plaintiff does not disagree with the holdings of the cases referred to, but argues the distinction that its cause of action is not based on the taking of its property, nor upon the construction of the road in such manner as to prevent access thereto, but is based on the defendant's failure to fulfill its express agreement to provide "reasonable access" to the plaintiff's property; and upon its negligence in the construction and maintenance done pursuant to that agreement; and points out that Section 63–30–8, U.C.A.1953, expressly waives immunity for "any injury caused by a defective, unsafe, or dangerous condition of any highway . . ."

In pleading avoidance of any obligation under the alleged agreement defendant argues three propositions: the first is that the deputy attorney general representing it was without authority to stipulate to anything that would purport to change the law or waive its rights thereunder. The principle of law is sound that neither defendant nor its counsel can by stipulation change the law or bind the state contrary to law, or waive its rights thereunder. Consequently, the state retains such protection as it is given by established law relating to the construction of highways and the alleged impairment of access to property, notwithstanding any attempt to bind it to the contrary.[4] But the converse of the proposition just stated is also true: that counsel representing the defendant can enter into any lawful agreement the same as could counsel for any other party to a lawsuit. It is also pertinent to observe that it appears that defendant Road Commission proceeded to act pursuant to the agreement and in accordance with the benefit it received therefrom, so there is at least some plausibility to the idea that it should be deemed to have ratified and/or to be estopped from repudiating that contract.[5]

Defendant's second point is that the agreement is unenforceable because the plaintiff gave no consideration. It says that upon filing of the condemnation proceeding it was entitled as a matter of law

1. See *Fairclough v. Salt Lake County, etc.,* 10 Utah 2d 417, 354 P.2d 105 and authorities therein cited.

2. *Springville Banking Co. v. Burton,* 10 Utah 2d 100, 349 P.2d 157.

3. See *Hampton v. State Road Commission,* 21 Utah 2d 342, 445 P.2d 708 and citations therein.

4. *Bailey Service & Supply Corp. v. State Road. Comm.* (Utah 1975), 533 P.2d 882.

5. *Jones v. Mutual Creamery Co.,* 81 Utah 223, 17 P.2d 256, 85 A.L.R. 908 (1932).

to take plaintiff's property and have an order of immediate occupancy. The plaintiff's correct and appropriate rejoinder is that by its compliance with the Road Commission's request it forewent its right to challenge and to have a hearing on those matters. It matters not that this may or may not have proved to be of much actual value. Sufficiency of consideration is not necessarily measured in terms of money value equivalents. If one party asks for and receives something which he would not otherwise be entitled to from the other, that is adequate consideration.[6] It is obvious that what was done here falls within that formula.

■ Third and finally, defendant asserts that any agreement arrived at was intended to be submitted to the court for its consideration and incorporation into an order, wherefore, it did not constitute a meeting of the minds of the parties as to their intent, but was to represent the intent of the court. Under some circumstances such an argument might have merit where the court adopts a proposed agreement. But we see no reason why, in the absence of any substantial modification by the court, an agreement reached after negotiation by the parties should not be binding simply because the court incorporates it into an order.

■ It is our conclusion that because of the plaintiff's averments and contentions as hereinabove stated there are disputed issues of fact concerning: Whether there was a binding agreement, and if so, whether the defendant breached its obligations thereunder; and whether it was negligent, which resulted in damage to the plaintiff, and if so, the amount thereof. Wherefore, it is necessary that this case be remanded for trial of such issues.[7] It is so ordered. No costs awarded.

TUCKETT and MAUGHAN, JJ., concur.

ELLETT, Justice (dissenting):

The plaintiff herein sued the State of Utah claiming damages for a breach of contract which caused the plaintiff a loss of business profits in the amount of $125,000. Gorgoza, the plaintiff, owned and operated a ski and toboggan resort. The state condemned a portion of the Gorgoza land in another case in order to construct a segment of the Interstate I–80 freeway.

In order to facilitate the trial of the condemnation suit, the parties stipulated that the court might make an Order of Immediate Occupancy onto the land, provided that it contained certain provisions desired by Gorgoza, to-wit:

(a) The State shall provide reasonable access to the remaining property not being condemned so as not to interfere with the commercial and recreational activities being carried on upon the remaining property.

(b) The State shall, prior to removal or destruction of the fence make adequate provisions for another fence with gates or cattle guards at not less than three points to be designated by Gorgoza.

(c) The State will be restrained from hindering or interfering with the use, occupation, and enjoyment by Gorgoza of their remaining property.

On October 14, 1972, Gorgoza caused an Order to Show Cause to be issued by the court in the condemnation proceeding requesting the Order of Immediate Occupancy to be set aside, or to show why Gorgoza might not have the right in an independent action to assert its claim for damages without being charged with the defense of res

---

6. 1 Williston, Contracts, Sec. 102A (3d ed. 1957). *Woods v. McQueen*, 195 Kan. 380, 404 P.2d 955.

7. See Rule 56, U.R.C.P., which provides that summary judgment is properly granted only when there is no dispute as to any issue which is material to the settlement of the suit.

judicata or other defense which might arise because of the entry of judgment in the case.

The attorneys for the parties then stipulated that the court might make the following order which was signed by the judge on October 27, 1972:

IT IS HEREBY ORDERED that Defendants be and they are hereby given leave to assert and file their claims for damages arising out of an alleged breach by Plaintiff of the provisions of the Order of Immediate Occupancy heretofore entered herein on the 7th day of June, 1971, independent of this action and that said claims of Defendants shall not be barred by the defense of res judicata or any other defense which might arise by reason of the pending of or entry of judgment in this action.

The trial of the condemnation matter was had to the court but we do not have in the record before us any information as to the amount of money paid for the land taken or for the severance damages sustained; however, since no complaint therefor is made in this instant matter, it must be presumed that the matter of value and severance damages was properly concluded in the prior trial.

The main thrust of plaintiffs' complaint in the instant matter is that it lost profits because the State breached its "contract" in connection with the Order of Immediate Occupancy. By the stipulation of facts filed herein, the Order for Immediate Occupancy required the State to provide Gorgoza and the general public with reasonable access to the remaining property so as not to interfere with the commercial and recreational activities being conducted thereon, nor to discourage the general pub-

lic from frequenting and going upon said property.

The above has the appearance of an order of the court, enforceable by contempt, rather than a contract. The fact that counsel for the State stipulated that the order could be entered does not change it in any particular. However, even if we assume that the State agreed to provide Gorgoza and the public with reasonable access, there is no record before us to show that a reasonable access was not afforded. There is no claim made that access was ever denied. What does appear to be the gravamen of the complaint is that during construction of the freeway there were times when there was some inconvenience and difficulty in making ingress and egress to and from the resort.[1] While a condemning authority will be liable for entirely depriving a landowner of all access to his property, there is no liability for hardship or difficulty in using the access if it is merely a temporary interference during reasonable construction time.[2]

Gorgoza also wishes the State to pay for the toboggans and equipment as well as for other personal property used in connection with the "runs". The cost of these items and the expense of removing them cannot be recovered from the State in this case.[3]

If Gorgoza lost profits from its business because of the condemnation proceeding or because of temporary deprivation of access during the construction period, it cannot recover them from the State.[4]

Gorgoza also claims damages because of defects in the highway. The matter seems to be based on muddy lanes inside its own land in which some cars were stuck temporarily. This is not the kind of defect in the highway wherein the State waives im-

---

1. It appears from the brief of counsel for the State that the construction of the freeway began in the area in August, 1971, and by November 15, 1971, the right-of-way fence was constructed across the Gorgoza frontage and three access openings had been left in locations designated by the landowners; and that the approach from the freeway to the property line had been paved.

2. 2A Nichols on Eminent Domain, 3rd Ed., Sec. 6.4442(2).

3. *Utah Road Commission v. Hansen*, 14 Utah 2d 305, 383 P.2d 917 (1963).

4. *Mitchell v. United States*, 267 U.S. 341, 45 S.Ct. 293, 69 L.Ed. 644 (1924).

munity from suit [5] in case damages are occasioned. The defect, if any, was on the private land of Gorgoza. The reasoning seems to be that the State breached a "contract" to furnish reasonable access and, therefore, if some employee or patron had difficulty in arriving at the ski lodge, the State must pay for it.

The trial court was of the opinion that the attorney for the State could not bind the State to the purported contract and he therefore granted summary judgment to the State. Certainly the attorney could not bind the State to pay for those items claimed in the lawsuit which are not recoverable at law. The $125,000 sought by Gorgoza is, in my opinion, not recoverable, and for that reason I would affirm the judgment given.

HENRIOD, C. J., concurs in the views expressed in the dissenting opinion of EL-LETT, J.

5. 63–30–8, U.C.A., 1953, Repl. Vol. 7A.