Steven D. WALTON et al., Plaintiffs and Appellants,

v.

STATE of Utah, By and Through its ROAD COMMISSION, Defendant, Third-Party Plaintiff and Respondent,

v.

SUMMIT COUNTY and Summit Park, Inc., Third-Party Defendants and Respondents.

No. 14532.

Supreme Court of Utah.

Dec. 27, 1976.

Philip C. Pugsley, Salt Lake City, for plaintiffs and appellants.

---

2. *Bagnall v. Suburbia Land Company*, 542 P.2d 183 (Utah 1975) and cases cited therein.

Stephen C. Ward, Salt Lake City, for the State of Utah.

Robert W. Adkins, Coalville, for Summit County.

Joe Novak, Salt Lake City, for Summit Park.

HENRIOD, Chief Justice:

Appeal from a Summary Judgment in a case where Waltons said the State unconstitutionally had taken their property without compensation,[1] 1) which was not defensible under the doctrine of sovereign immunity, and 2) that the lower court erred in recognizing as a defense to the action, the statutory limitations period within which suit should be filed, urging that the doctrine of laches should have controlled. Affirmed, with no costs on appeal awarded.

The Waltons, formerly Utahans, were Illinois residents when, in 1963, they bought a lot in Summit Park, a subdivision near Salt Lake City, for $2,600. The lot was in a circular cul de sac, with access to Summit Drive, a gravelled road, which the State widened by purchase and condemnation of land for that purpose, completing the project in September, 1972.

Waltons claimed that access to their lot was eliminated entirely because of change in grade and that this fact, plus the fact that Summit County built noisy and unsightly equipment and maintenance sheds a short distance East of the lot for protection against fire of homes and property in the area, reduced the value of the lot, according· to the Waltons, to zero. In contrast to this testimony, there is at least some other testimony that the change in grade was less exaggerated, an engineer saying 3.0 feet, and that an angular access could be built. The above recitations are given as background history, not as having any significant weight in the disposition of this case, since our own cases as are recounted below, rather uniformly have treated such circumstances as noncompensable consequential damages.

Waltons urge that their lawsuit is in equity, that the Governmental Immunity Act[2] applies only to Actions at Law, particularly since that term is used in the title of or preamble to the act.[3] Waltons' complaint prays that 1) the State restore the access, 2) the equipment sheds be removed, and 3) damages or "recompense" be ordered for the taking.

As to 2): Removal of the sheds: Such demand is moot so far as the State is concerned, since Summit County placed them there, and also is moot since it appears that Summit physically took nothing—plaintiffs claiming only that they are noisy and unsightly, which circumstances are not compensable as reflected hereinafter.

As to 1): This court has said the State need not pay for such loss of access, particularly, where access is not impossible, as appears to be the case here.

Finally, as to 3): The gravamen of this action appears to be one at law: Damages for impairment of an access to property, which we believe and hold to be litigation subject to the provisions of the Immunity Act, which includes the requirement of a timely filing of claims, within the prescribed period. In this case, such period is one year after the event giving rise to the claim.

Points 1) and 2) above sound in equity, but the fact of their presentment and urgence does not create or pose an enforceable cause of action, since simply alleging an equitable claim does not ipso facto warrant such relief. It would appear, therefore, that the protracted articulation in *State v. Fourth District Court,* so heavily leaned upon by plaintiffs, which was punctuated by two strong dissents, and which sought injunctive relief before the fact, against the Road Commission and the District Court, from continuing a pending condemnation proceeding to construct a viaduct "until the plaintiffs as abutting owners *have been compensated for damages* to

---

1.  Art. I, Sec. 22, Utah Constitution.

2.  Title 63–30, Utah Code Annotated 1953, as amended.

3.  S.B. 4, Laws of Utah '65.

their properties by reason of such construction," is not germane to the particular facts of this case. That case, in substance and effect decided only that injunctive relief would lie against state road commissioners if they, *as individuals,* were about to commit an unlawful act, saying, however, that the lawsuit did not lie against the *Commission,* since "a suit" against *it* is a suit against the State. It went on to say that "The State unquestionably, has the right to take or damage property when necessary for public use," subject to Art. I, Sec. 22 of the state constitution. It then is significantly pointed out that "Chap. 61, Title 104, R.S.Utah 1933" sets forth the procedure to exercise the right of eminent domain. That case was decided in 1937, long before the Governmental Immunity Act was passed a third of a century later in 1965. The latter act also sets forth provisions for the procedure to protect the interest of an alleged aggrieved person in his property, namely, a requirement that his claim be filed within a certain period, which was not accomplished here; and we think that plaintiffs' own decision to live elsewhere and perhaps not check on property locally owned, does not toll the provisions, which is a limitations statute.

Waltons also rely heavily on *Hampton v. Utah Road Commission,* 21 Utah 2d 342, 445 P.2d 708 (1968). Factually, that case is quite different than the instant case, since it involved property that abutted on a public highway, whereas this case involves property that abuts on a private way that leads to a highway. The distinction may or may not be one of substance, a matter we need not indulge here, in light of what has been said.

We think this case is determinable on the sole ground of failure to file a claim required by Title 63–30–12, U.C.A.1953, which bars a claim under the Governmental Immunity Act unless written notice is filed with the Utah Attorney General and the agency concerned within one year after the cause of action arises. The roadway in front of the access was completed in September, 1972, and Waltons' action was commenced in August, 1974. Also, it was not alleged in the complaint that this statute had been observed.[4]

As to any alleged "taking" without compensation and/or types of claims that are or are not compensable, one of our own recent cases, *Holt v. Utah Road Commission*[5] is not only apropos here, but it and the cases it refers to are a basis for affirmance of the lower court's judgment.

CROCKETT and WILKINS, JJ., concur.

ELLETT, J., concurs in the result.

MAUGHAN, Justice (dissenting).

For the reason I believe appellant's view to be well taken, I dissent.

Article I, Section 22, Constitution of Utah:

Private property shall not be taken or damaged for public use without just compensation.

This provision is mandatory and prohibitory, and I do not believe the legislature can attach to it a limitation which, in affect, repeals it. In my view, this constitutional right could be lost through laches, but not by what amounts to a legislative amendment.

A further reason why the judgment of the trial court should be reversed is the action does not fall within the governmental immunity act. Section 63–30–6, U.C.A. 1953, provides:

Immunity from suit of all governmental entities is waived for the recovery of any property real or personal or for the possession thereof or to quiet title thereto, or to foreclose mortgages or other liens thereon or to determine any adverse claim thereon, or secure any adjudication touching any mortgage or other lien said entity may have or claim on the property involved.

Plaintiffs here do not seek recovery of any property real or personal, to quiet title

4. *Roosendaal v. Holman,* 28 Utah 2d 396, 503 P.2d 446 (1972).

5. 30 Utah 2d, 4, 511 P.2d 1286 (1973).

to such property, to foreclose mortgages or other liens, to determine any adverse claim, or to secure any adjudication touching any mortgage or other lien, a governmental entity may have or claim upon the subject property. Consequently, the limitation of 63–30–12 is not applicable. The instant matter falls squarely within *Hampton v. State Road Commission*,[1] and its rule of law should be here controlling.

1. 21 Utah 2d 342, 445 P.2d 708 (1968).