**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000147
16-JAN-2024
08:04 AM
Dkt. 140 SO**

NOS. CAAP-18-0000147 AND CAAP-18-0000696
(Consolidated)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


**CAAP-18-0000147**
ANNA ECKART-DODD, Personal Representative of the Estate of
William Horace Dodd, Plaintiff-Appellee, v.
THERESA HAI HUA DODD, Defendant-Appellant,


AND


**CAAP-18-0000696**
ANNA ECKART-DODD, Personal Representative of the Estate of
William Horace Dodd, Plaintiff-Appellee, v.
THERESA HAI HUA DODD, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 13-1-7631)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

This consolidated appeal arises from a divorce
involving Defendant-Appellant Theresa Hai Hua Dodd (**Wife**) and
Plaintiff-Appellee William Horace Dodd (**Husband**), deceased,[1] in
the Family Court of the First Circuit (**Family Court**).  In *CAAP-
18-0000147*, Wife appeals from the Family Court's February 28,
2018 Order Re: [Husband's] Motion to Enforce the [Family Court's]

---

[1]     Pursuant to orders of this court, Anna Eckart-Dodd, personal
representative of the estate of Husband, was substituted as Appellee in both
of these consolidated appeals.  For simplicity, we nevertheless refer to the
appellee as Husband.

July 24, 2017 and December 7, 2017 Orders Regarding the Sale of [(**the Property**)], a Determination that [Wife] Did Not Comply with the Provisions of the December 7, 2017 Order Regarding Listing Agreements, An Order Granting [Husband] Power of Attorney to Act on [Wife's] Behalf in Closing on a Sale of [the Property] and Other Relief (**Order Granting Enforcement**).[2]  In *CAAP-18-0000696*, Wife appeals from the Family Court's August 21, 2018 Order Re: [Wife's] Motion for [Hawaiʻi Family Court Rules (**HFCR**)] Rule 60(b) Relief from Judgment or Order Related to the Court's July 24, 2017 and December 7, 2017 Orders Filed July 23, 2018 (**Order Denying Relief**).

Wife raises three points of error, contending that the Family Court erred in:  (1) giving Husband a limited power of attorney to execute documents necessary to the sale of the Property; (2) denying Wife's HFCR Rule 60(b) motion on jurisdictional grounds; and (3) denying Wife's HFCR Rule 60(b) motion because the Family Court failed to make adequate Findings of Fact (**FOFs**) or Conclusions of Law (**COLs**), and/or because Wife was entitled to relief under HFCR Rules 60(b).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Wife's points of error as follows:

(1)  Wife contends that the Family Court exceeded the scope of its authority when it granted Husband a limited power of

---

[2]      The Honorable Jessi L.K. Hall presided.

attorney to act as Wife's attorney-in-fact to effectuate the sale of the Property. This argument is without merit.

On December 7, 2017, the Family Court filed an Order Re: (1) Husband's Motion for Clarification Filed September 13, 2017; and (2) Wife's Motion to Enforce Decision and Order Filed July 24, 2017 and for Attorney's Fees and Costs Filed November 6, 2017 (**Stipulated Order**). The Stipulated Order reflects that the parties reached an agreement to, *inter alia*, proceed with the sale of the Property as follows:

> By Agreement of the Parties:
>
> 1. [Wife] has until 5 p.m. on 12/15/17 to provide a listing agreement signed by a reputable, licensed broker selling high-end properties to sell the [Property] for $5.5M or more at a total commission of less than 3.5%. Otherwise, [Wife] shall sign a listing agreement with Sotheby's International for $5.5M or more at a total commission of 3.5%.
>
> . . . .
>
> If a Party refuses to sign a document necessary to effect the foregoing provisions and/or to timely complete the sale of the properties, including but not limited to contracts to sell, deeds or other documents necessary to conclude or close on a sale, within 3 days after being presented with the document, then the other party may sign the document on the non-signing Party's behalf.
>
> 3. Both properties shall be sold "as is". The Parties shall agree on the sale terms, such as the listing price, adjustments, marketing and acceptance or rejection of all offers. The Realtor will make recommendations as appropriate. If the Parties can't agree within 3 days after receiving the recommendation, the Realtor may determine the marketing plan, list price and any adjustments, and any advancements or deposits.

(Emphasis added; format altered).

Wife does not challenge the Stipulated Order in her points of error and makes no argument in this appeal that she did not agree to the sales procedure set forth in the Stipulated Order. On the contrary, the hand-written agreement upon which the Family Court evidently based the Stipulated Order indicates

that it was prepared by Wife's counsel and bears Wife's signature of approval as to form and content.  Accordingly, Wife waived any challenge to the Family Court's enforcement of the agreed-upon sales procedure set forth in the Stipulated Order.

(2)  Wife argues that the Family Court erred in concluding that the court did not have jurisdiction over Wife's HFCR Rule 60(b) motion.

It is well established that, "[a]s a general rule, the filing of a valid notice of appeal transfers all jurisdiction in the case to the appellate court and deprives all family courts of jurisdiction to proceed further in the case, except for some matters."  Lowther v. Lowther, 99 Hawaiʻi 569, 578, 57 P.3d 494, 503 (App. 2002) (quoting In re Doe, 81 Hawaiʻi 91, 98, 912 P.2d 588, 595 (App. 1996) (citations omitted)); see also DL v. CL, 146 Hawaiʻi 415, 421, 463 P.3d 1072, 1078 (2020) ("The general rule is that courts are divested of jurisdiction upon the filing of a notice of appeal.").  Exceptions to this rule include collateral or incidental matters, such as the right to enforce the judgment and "the right under HFCR Rule 60(b) to correct, modify, or grant relief from the judgment but to do so in accordance with the procedure stated in Life of the Land v. Ariyoshi, 57 Haw. 249, 553 P.2d 464 (1976)."  Lowther, 99 Hawaiʻi at 578, 57 P.3d at 503.

In Life of the Land, the Hawaiʻi Supreme Court considered whether a motion for relief from a final judgment under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b), which

is analogous in all pertinent respects to HFCR Rule 60(b),[3] could be considered by the trial court where an appeal from the same judgment was pending.  57 Haw. at 249-51, 553 P.2d at 464-66. Overruling an earlier opinion which had stated that a showing of good cause for remand was necessary before the Rule 60(b) motion could be considered, the supreme court reiterated its adoption of the then-prevailing practice of the federal courts interpreting a "substantially identical" federal rule of civil procedure to enable an appellant to file a motion for reconsideration in the trial court without a showing of good cause for remand during the pendency of an appeal.  See id. at 250-51, 553 P.2d 415-16 (overruling Kealoha v. Tanaka, 42 Haw. 630 (1953)), (citing approvingly State v. Tyrrell, 57 Haw. 80, 549 P.2d 745 (1976) (discussing federal practice regarding motions for new trial to determine whether such motion could be made in the trial court in the absence of a remand during the pendency of an appeal)).[4] Accordingly, the supreme court held that such a motion "may be made and considered in the circuit court.  If that court

---

[3]     Interpreting HFCR Rule 60, we look to practice re:  HRCP Rule 60, as well as Federal Rules of Civil Procedure (**FRCP**) Rule 60.  See Kawamata Farms, Inc. v. United Agri Products, 86 Hawaiʻi 214, 251-52, 948 P.2d 1055, 1092-93 (1997). ("Where we have patterned a rule of procedure after an equivalent rule within the FRCP, interpretations of the rule 'by the federal courts are deemed to be highly persuasive in the reasoning of this court.'" (quoting Harada v. Burns, 50 Haw. 528, 532, 445 P.2d 376, 380 (1968))); Hayashi v. Hayashi, 4 Haw. App. 286, 290 n.6, 666 P.2d 171, 174 n.6 (1983) (stating that the treatises and cases interpreting HRCP Rule 60(b) and FRCP Rule 60(b) provide persuasive reasoning for the interpretation of HFCR Rule 60(b)); accord Oliveira v. Oliveira, CAAP-14-0001298, 2016 WL 4074083, *2 n.5 (Haw. App. July 28, 2016) (mem. op.).

[4]     The Tyrrell opinion relied upon by the court in Life of the Land cited federal practice and commentary which dictated that trial courts had jurisdiction to consider and deny - but not to grant – such motions, and that denial was a final and appealable order.  See Tyrrell, 57 Haw. at 80-81, 549 P.2d at 745-47 (quoting United States v. Hays, 454 F.2d 274, 275 (9th Cir. 1972) and 3 Charles Alan Wright et al., Federal Practice and Procedure § 557 (1969)).

indicates that it will grant the motion, the appellant may then move in [the appellate court] for a remand of the case." Life of the Land, 57 Haw. at 251, 553 P.2d at 466.

Here, the Family Court correctly concluded that while a case is up on appeal, the court may enforce a prior order, but may not modify the prior order. The Family Court then further concluded that it did not have jurisdiction. While the Family Court should have more specifically stated that it did not have jurisdiction to *grant* the requested relief absent a remand in accordance with the procedure laid out in Life of the Land, the Family Court clearly considered the merits of Wife's HFCR Rule 60(b) motion and found, *inter alia*, that the motion did not provide any new evidence that was not available at the time the July 24, 2017 Decision and Order or the December 7, 2017 Order were issued. In the HFCR Rule 60(b) motion, Wife was plainly seeking relief from the July 24, 2017 Decision and Order or the December 7, 2017 Order. We conclude that Wife is not entitled to relief on appeal from the Order Denying Relief based on this argument.

(3) Wife contends that she is entitled to relief on appeal from the Order Denying Relief because the Family Court's FOFs and COLS are inadequate, but makes no argument in support of this contention. We conclude that the Family Court's FOFs and COLs are sufficient to review its decision to enter the Order Denying Relief.

Wife further argues that she was entitled to relief based on newly discovered evidence and/or nondisclosures of

certain properties, but made no argument or showing to the Family Court as to why the purportedly new evidence and/or properties were previously undiscovered even though due diligence was exercised. For example, on appeal, Wife argues that there was new evidence that the listing price of certain marital property should have been higher. However, Wife points to nothing in the record indicating why she could not have secured that appraisal evidence earlier. Similarly, concerning the allegedly undisclosed properties, it appears that both properties were identified in Husband's answers to interrogatories and addressed in the Family Court's property division. Based on the entirety of the record, and the absence of any evidence presented in Wife's HFCR Rule 60(b) motion establishing that the property division was obtained by fraud or that Wife was prevented from presenting her case or defense, we conclude that Wife's assertion that she was entitled to relief based on fraud is without merit. Although Wife cited HFCR Rule 60(b)(6) in her motion, Wife made no argument to the Family Court supporting such extraordinary relief.

For these reasons, the Family Court's February 28, 2018 Order Granting Enforcement and August 21, 2018 Order Denying

Relief are affirmed.  Husband's September 25, 2020 Renewed Motion to Dismiss Appeal is denied.

DATED: Honolulu, Hawaiʻi, January 16, 2024.

On the briefs:

Rebecca A. Copeland,
for Defendant-Appellant.

Shawn A. Luiz,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge