STATE OF HAWAII, Plaintiff-Appellee *v.* DAVID E. TYRRELL, Defendant-Appellant

NO. 5987

MAY 12, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam.* In this appeal from a conviction of murder, Appellant has moved to remand the case to the circuit court to permit Appellant to move for a new trial under Rule 33 H.R.Cr.P. upon the ground of newly-discovered evidence, being the recantation of a prosecution witness.

Rule 33, H.R.Cr.P. provides:

> The court may grant a new trial to a defendant if required in the interest of justice. If trial was by the court without a jury the court may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for new trial based on any other grounds shall be made within 10 days after verdict or finding of guilty or within such further time as the court may fix during the 10 day period.

By necessary implication, Rule 33 recognizes the jurisdiction of the circuit court to entertain a motion for a new trial

during the pendency of an appeal. With respect to Rule 33 of the Federal Rules of Criminal Procedure, which is similar in all pertinent respects, it has been said:

> We hold that the district court does have jurisdiction to deny a motion for new trial without leave of this court during the pendency of an appeal, and that Rule 33, F.R.Cr.P., only requires a remand to grant a motion for new trial. Thus, if the trial court says "no" it has jurisdiction; if it wants to say "yes," it does not have automatic jurisdiction. However curious a concept of jurisdiction this may be, that is the plain intendment of the rule. (*U.S. v. Hays*, 454 F.2d 274 (9th Cir. 1972)).

In describing the practice in the federal courts under Rule 33, it has been said that Rule 33

> . . . [P]rovides only that if the appeal is pending the court may not grant the motion unless the case has been remanded. Accordingly it is now both unnecessary and improper to apply in the first instance to the appellate court for leave to make the motion. The motion should be made, as with any other motion, in the district court. The district court may deny the motion, and if it does so, this denial is a final and appealable order. The district court has no authority to grant a new trial once the notice of appeal has been filed. It may, however, hear the motion, and certify that it is inclined to grant it. The appellate court, if it is advised of the pendency of such a motion in the trial court, may hold decision of the appeal in abeyance until the district court has either denied the motion or indicated its intention to grant it. If the trial court does indicate that it is inclined to grant the motion, the appellate court will ordinarily remand the case to the trial court for that purpose, and for the new trial, without passing on the merits of the new trial motion. (WRIGHT, FEDERAL PRACTICE AND PROCEDURE, Criminal § 557 (1969)).

To the same effect is 8A MOORE's FEDERAL PRACTICE Criminal Rules ¶ 33.03[2].

Although there is some support for the view that a motion

to remand may be made prior to the trial court's consideration of a motion for a new trial, *People of Territory of Guam v. Inglett*, 417 F.2d 123 (9th Cir. 1969), we prefer the view of the text writers cited above that a remand should be made only in the event the trial court decides to grant the motion for a new trial. In this case the circuit court, having heard the witnesses, can best judge the merits of the motion and it serves no useful purpose for us to do so preliminarily on the motion to remand.

Such motion for a new trial as Appellant desires to make in this case may be made in the circuit court without a remand of the case. In the event that the circuit court determines that the motion should be granted, it should so certify and a motion to remand should be made in this court.

The motion to remand is denied.

*Patricia K. O'Toole*, Deputy Public Defender, for Defendant-Appellant, for the motion.