LIFE OF THE LAND, a non-profit Hawaii corporation, et al., Appellants *v.* GEORGE ARIYOSHI, as Governor of the State of Hawaii, et al., Appellees

NO. 6086

AUGUST 27, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam.* In this action Appellants sought an injunction against the construction, planning or appropriation of State funds for the West Oahu College. Appellants have appealed from a judgment denying the injunction. The matter is before us on Appellants' motion for a remand of the case to the circuit court to permit Appellants to move under Rule 60(b), H.R.C.P., for relief from the final judgment on the basis of newly discovered evidence.

In *Kealoha v. Tanaka,* 42 Haw. 630 (1953), this court announced that the proper procedure where a party seeks relief from a final judgment under Rule 60(b) in a case pending in this court on appeal is for the party to file in this court a motion for leave to move for such relief in the circuit court and for remand of the case to that court, which motion will be granted upon a showing of good cause. We said that "good cause for remand exists if there is a showing that makes it reasonably apparent that, with the facts before it, the trial

court would be disposed to grant" the motion under Rule 60(b). (42 Haw. at 636)

The issue considered by the trial court in this case involved the alleged obligation of Appellees to prepare an Environmental Impact Statement (EIS) before commencing the operation of West Oahu College in high school classrooms with administrative offices in private commercial buildings. The newly discovered evidence upon which Appellants propose to move under Rule 60(b) would tend to show that private commercial facilities are also to be used for classrooms, a purpose other than their originally intended use, and allegedly would thereby establish the necessity for an EIS. Whether it is reasonably apparent that the trial court would be disposed to grant the proposed motion upon this showing cannot readily be determined without reviewing the evidence considered by the trial court in arriving at its decision to deny the injunction. Before assuming this burden, we consider it appropriate to review the procedure indicated in *Kealoha*.

In *State v. Tyrrell*, 57 Haw. 80, 549 P.2d 745 (1976), we held that a motion under Rule 33, H.R.Cr.P., for a new trial upon the ground of newly discovered evidence may be presented to the circuit court notwithstanding the pendency of an appeal in this court. We said that a remand should be made in such a case only in the event that the circuit court should decide to grant the motion for a new trial. We thus conformed the practice under Rule 33, H.R.Cr.P., to the practice generally prevailing in the Federal courts under Rule 33 of the Federal Rules of Criminal Procedure.

Rule 33, H.R.Cr.P., provides specifically that, if an appeal is pending in a criminal case, the trial court may grant a motion for a new trial only on remand of the case. By necessary implication Rule 33 recognizes the jurisdiction of the trial court to entertain a motion for a new trial during the pendency of an appeal. Rule 60(b), H.R.C.P., does not as clearly indicate the procedure which should be followed. Nevertheless, it appears that the generally prevailing practice under Rule 60(b) of the Federal Rules of Civil Procedure (which is substantially identical with Rule 60(b), H.R.C.P.) is

consistent with that which we established for criminal cases in *Tyrrell*. This practice permits a Federal district court to consider a Rule 60(b) motion during the pendency of an appeal. If the trial court indicates that it is inclined to grant the motion, application may then be made to the appellate court for a remand. *Smith v. Pollin*, 194 F.2d 349 (D.C.Cir. 1952); *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697 (5th Cir. 1955); *Ryan v. United States Lines Co.*, 303 F.2d 430 (2nd Cir. 1962).

In *Kealoha*, we rejected the Federal practice, and opted for a remand of the case upon a showing of good cause before the Rule 60(b) motion was considered, for two stated reasons, which on present analysis do not appear to us to be compelling. The first reason stated was the loss of jurisdiction by the circuit court resulting from the appeal, which obstacle we surmounted in *Tyrrell*. The second reason stated was the eventual necessity of a showing of good cause for the remand, which we then deemed it preferable to determine without indication of any proposed action by the trial court. In the circumstances of the present case it appears to us much more appropriate to present the question initially to the court which adjudged the sufficiency of Appellants' original showing in support of the requested injunction. It has been pointed out, in considering the comparable procedural problems under Rule 59, that the motion to be made is one requiring the exercise of a primary discretion by the trial court, which the appellate court must avoid usurping. For this reason and to obviate the problems relative to the sufficiency of the showing to be made to the appellate court under the *Kealoha* rule, it is suggested by Professor Moore that the practice should be consistent with that which we adopted in *Tyrrell*. 6A MOORE'S FEDERAL PRACTICE, ¶ 59.09 [5] (1974). This procedure has been characterized as "sound in theory and preferable in practice". WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, Civ. § 2873 (1973). We agree with the view of Chief Judge Lumbard of the Second Circuit Court of Appeals that the described procedure "is proper and calculated

to be most economical of the effort of courts and parties.'' *Ryan v. United States Lines Co., supra,* at p. 434.

Accordingly, we consider that the procedure for motions under Rule 60(b), H.R.C.P., may and should be consistent with that for motions under Rule 33, H.R.Cr.P., where an appeal is pending in this court. Jurisdiction is in this court while the appeal is pending, in both instances. Nevertheless, the motion may be made and considered in the circuit court. If that court indicates that it will grant the motion, the appellant may then move in this court for a remand of the case. During the pendency of the motion in the circuit court, the parties may move in this court for such relief from the appeal requirements as may be appropriate. The procedure prescribed in *Kealoha v. Tanaka, supra,* should no longer be followed.

Such motion under Rule 60(b) as Appellants desire to make in this case may be made in the circuit court without a remand of the case. In the event that the circuit court determines that the motion should be granted, it should so certify and a motion to remand should be made in this court.

The motion to remand is denied.

*Edward Cooper Brown* for Appellants, for the motion.

*Donn G. Kessler* and *Randall Y. Iwase,* Deputy Attorneys General, for Appellees, contra.