**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000746
02-OCT-2020
08:08 AM**

NO. CAAP-17-0000746

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9
MASTER PARTICIPATION TRUST, Plaintiff-Appellee,
v.
PATRICK LOWELL VERHAGEN; PATRICK LOWELL VERHAGEN,
TRUSTEE OF THE PATRICK LOWELL VERHAGEN REVOCABLE
TRUST DATED OCTOBER 29, 1999, Defendants-Appellants,
and
WELLS FARGO BANK, N.A., Defendant-Appellee,
and
DOES 1 THROUGH 20, INCLUSIVE, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 16-1-0147(1))


AMENDED SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Patrick Lowell Verhagen
and Patrick Lowell Verhagen, Trustee of the Patrick Lowell
Verhagen Revocable Trust Dated October 29, 1999 (collectively
**Verhagen**) appeal from the Judgment entered on September 25, 2017,
by the Circuit Court of the Second Circuit (**Circuit Court**).[1]  The
Judgment was entered pursuant to the Circuit Court's "Findings of
Fact and Conclusions of Law; Order Granting Plaintiff's Motion
for Summary Judgment and for Interlocutory Decree of Foreclosure

---

[1]  The Honorable Rhonda I.L. Loo presided.

Filed January 31, 2017" (**Summary Judgment Order**) also entered on September 25, 2017.

On appeal, Verhagen argues the Circuit Court erred in granting summary judgment in favor of Plaintiff-Appellee U.S. Bank Trust, N.A., as Trustee for LFS9 Master Participation Trust (**U.S. Bank**), when there were genuine issues of material fact as to whether U.S. Bank had standing to bring a foreclosure action against Verhagen.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve Verhagen's points of error as follows, and we vacate and remand.

## I.  Background

In its "Verified Complaint to Foreclose Mortgage" filed on March 23, 2016 (**Verified Complaint**), U.S. Bank alleged that Patrick Verhagen executed and delivered an Adjustable Rate Note (**Note**) dated September 24, 2007, to original lender Washington Mutual Bank, F.A. (**Washington Mutual**).  The Verified Complaint further asserted that "[U.S. Bank] is the current holder of the Note with standing to prosecute the instant action by virtue of the blank indorsement to the Note, which thereby converted the Note to a bearer instrument, and because [U.S. Bank] is in possession of the indorsed in blank Note."  The Verified Complaint also asserted that the Note was secured by a Mortgage, dated September 24, 2007, in favor of Washington Mutual, and that the Mortgage was subsequently assigned to JP Morgan Chase Bank (**JPMorgan**) via an assignment recorded on November 24, 2014, and then assigned to U.S. Bank via an assignment recorded on July 31, 2015.[2]

Attached to the Verified Complaint is a "Verification to Foreclosure Complaint" executed by Julia Jackson (**Jackson**), an

---

[2]  The Assignment of Mortgage recorded on November 24, 2014, states that the Mortgage was assigned by the Federal Deposit Insurance Corporation, as receiver of Washington Mutual, to JPMorgan.

"Authorized Signatory" of Caliber Home Loans, Inc. (**Caliber**), which "has the contractual right and responsibility to service the Loan on behalf of [U.S. Bank]."  Jackson's verification states, in relevant part, that she reviewed the Verified Complaint and "hereby confirm[s] the factual accuracy of the statements contained therein to the best of my knowledge," that she has "verified and hereby confirm[s] possession of the original Note by Plaintiff," and that "[t]he Note is indorsed in blank, which thereby converted the Note to a bearer instrument."

On January 31, 2017, U.S. Bank filed a motion for summary judgment and attached, *inter alia*, a declaration by Alyssa Salyers (**Salyers**), a "Foreclosure Document Specialist II" employed by Caliber.  Verhagen opposed the summary judgment motion, asserting, *inter alia*, that U.S. Bank failed to establish possession of the original Note when U.S. Bank filed the Verified Complaint, and thus failed to establish standing under Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 390 P.3d 1248 (2017) (Reyes-Toledo I).  On September 25, 2017, the Circuit Court entered the Summary Judgment Order and the Judgment, from which Verhagen appealed.

While this appeal was pending, U.S. Bank filed in the Circuit Court a "Motion to Ratify and/or Amend Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Filed January 31, 2017; and Judgment, Entered on September 25, 2017" (**Motion to Ratify**).  In filing the Motion to Ratify, U.S. Bank cited Rule 60(b) of the Hawaiʻi Rules of Civil Procedure (**HRCP**) and the procedure under Life of the Land v. Ariyoshi, 57 Haw. 249, 252, 553 P.2d 464, 466 (1976), seeking to have the Circuit Court certify how it would rule so that U.S. Bank could request a temporary remand of the case back to the Circuit Court. The Motion to Ratify noted that U.S. Bank had addressed the Reyes-Toledo criteria prior to the hearing on its motion for summary judgment, but asserted that after it submitted the proposed foreclosure judgment to the Circuit Court, the Hawaiʻi

3

Supreme Court had issued U.S. Bank N.A. v. Mattos, 140 Hawaiʻi 26, 30, 398 P.3d 615, 619 (2017), which U.S. Bank noted "clarified the evidentiary standard applicable in foreclosure cases."  U.S. Bank thus asserted that the new requirements in Mattos arguably had not been considered by the Circuit Court and thus U.S. Bank sought to have the Circuit Court clarify that it had considered the evidence under the appropriate legal standard that now existed following Reyes-Toledo and Mattos.  The Motion to Ratify contained, *inter alia*, a supplemental declaration by Melinda Patterson (**Patterson**), an "Authorized Officer" employed by Caliber.  The Patterson supplemental declaration states, in part, that "Plaintiff, or its agent on Plaintiff's behalf, was in possession of the original wet-ink, indorsed in blank Note when the above-captioned foreclosure action was commenced on March 23, 2016 and since" and that "Plaintiff, its agent on Plaintiff's behalf, or Plaintiff's counsel on Plaintiff's behalf, have been in possession of the original indorsed in blank Note since before this foreclosure action was commenced on March 23, 2016."

Patterson also attests to the existence of a "Certification" executed by Jennifer Martin (**Martin**), an "Authorized Signatory, Collateral Management" and employee of Caliber, which purports to "evidence that the original wet ink, indorsed in blank Note was in Caliber's possession on Plaintiff's behalf on February 9, 2016" and "indicates that the original wet-ink Note was indorsed in blank no later than February 9, 2016, as the original wet-ink Note was electronically scanned and uploaded to Caliber's business records on or before February 9, 2016 and the scanned copy of the original wet-ink Note that was uploaded to Caliber's business records on or before February 9, 2016 contains a blank indorsement on page 6 of the Note."

In addition, Patterson declared that an attached "Attorney's Bailee Letter Agreement" (**Attorney Bailee Letter**) signed by Jennifer Williams (**Williams**), an "Authorized Signatory" employed by Caliber, is evidence that "the original wet-ink, indorsed in blank Note was transmitted to Plaintiff's legal

4

counsel on or around December 9, 2016 and was received by Plaintiff's counsel on or around December 14, 2016."

The Motion to Ratify was in essence a request for the Circuit Court to indicate that it would take further action on U.S. Bank's motion for summary judgment, considering the additional submissions of Patterson's supplemental declaration and the other attachments thereto.

On July 27, 2018, the Circuit Court granted the Motion to Ratify and also entered its inclination to reconsider the September 25, 2017 Summary Judgment Order and Judgment "under the currently applicable legal standard that has developed since Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Filed January 31, 2017 (the "MSJ") was heard and decided on April 6, 2017, and based on the evidence submitted[.]"  The Circuit Court confirmed that, should the intermediate court of appeals allow a partial remand, the Circuit Court intends to reconsider the Judgment and enter an order and judgment ratifying and/or amending the Judgment consistent with the currently applicable legal standard and evidence submitted, and/or setting aside the Judgment and entering an amended Judgment that will provide the same relief accorded in the original Judgment *nunc pro tunc* to September 25, 2017, when the original Judgment was entered.

On August 10, 2018, U.S. Bank filed in this court a "Motion for Temporary Remand and for Fourth Extension of Time to File Answering Brief."  This court granted the motion in part under the procedure set forth in Life of the Land (permitting a trial court to consider a Rule 60(b) motion during the pendency of an appeal and "if the trial court indicates that it is inclined to grant the motion, application may then be made to the appellate court for a remand."), noting that the Circuit Court had indicated its inclination to amend the Judgment.  Hence, the case was temporarily remanded to the Circuit Court.

On October 8, 2018, the Circuit Court entered an "Amended Findings of Fact and Conclusions of Law; Amended Order

5

Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure" (**Amended Summary Judgment Order**) and an Amended Judgment.  Jurisdiction then reverted to this court.

## II.  Discussion

In order to establish a right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced. Reyes-Toledo I, 139 Hawaiʻi at 367-70, 390 P.3d at 1254-57.  As expressed by the Hawaiʻi Supreme Court,

> a foreclosing plaintiff must prove "the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice," as well as prove entitlement to enforce the defaulted upon note.

Bank of America, N.A. v. Reyes-Toledo, 143 Hawaiʻi 249, 263-64, 428 P.3d 761, 775-76 (2018) (quoting Reyes-Toledo I, 139 Hawaiʻi at 367-68, 390 P.3d at 1254-55) (format altered).

Moreover, a declaration in support of a summary judgment motion must be based on personal knowledge, contain facts that would be admissible in evidence, and show that the declarant is competent to testify to the matters contained within the declaration.  Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 44, 414 P.3d 89, 96 (2018) (citing Mattos, 140 Hawaiʻi at 30, 398 P.3d at 619; Hawaiʻi Rules of Civil Procedure Rule 56(e); Rules of the Circuit Courts of the State of Hawaiʻi Rule 7(g)). Inadmissible evidence "cannot serve as a basis for awarding or denying summary judgment."  Id. (quoting Haw. Cmty. Fed. Credit Union v. Keka, 94 Hawaiʻi 213, 221, 11 P.3d 1, 9 (2000)).

In the context of foreclosures, the Hawaiʻi Supreme Court has adopted certain criteria for admissibility of promissory notes, including whether an employee of a business that receives records from another business can be a "qualified witness" to establish a sufficient foundation for admission of such records under Hawaii Rules of Evidence (**HRE**) Rule

6

803(b)(6).[3]  Mattos, 140 Hawaiʻi at 30-33, 398 P.3d at 619-622; Behrendt, 142 Hawaiʻi 37, 44-46, 414 P.3d 89, 96-98; Nationstar Mortgage LLC v. Kanahele, 144 Hawaiʻi 394, 402-404, 443 P.3d 86, 94-96 (2019).  In Mattos, the Hawaiʻi Supreme Court relied on the analysis in State v. Fitzwater, 122 Hawaiʻi 354, 365-66, 227 P.3d 520, 531-32 (2010), stating:

> Fitzwater addressed the admissibility of business documents authenticated by an employee of another business, stating:
>
>> A person can be a "qualified witness" who can authenticate a document as a record of regularly conducted activity under HRE Rule 803(b)(6) or its federal counterpart even if he or she is not an employee of the business that created the document, or has no direct, personal knowledge of how the document was created.  As one leading commentator has noted:
>>
>> ... [sic] The phrase "other qualified witness" is given a very broad interpretation.  The witness need only have enough familiarity with the record-keeping system of the business in question to explain how the record came into existence in the ordinary course of business.  The witness need not have personal knowledge of the actual creation of the documents or have personally assembled the records.  In fact, the witness need not even be an employee of the record-keeping entity as long as the witness understands the entity's record-keeping system.
>>
>> There is no requirement that the records have been prepared by the entity that has custody of them, as long as they were created in the regular course of some entity's business.

_____

[3]  HRE Rule 803(b)(6) states:

> **Rule 803 Hearsay exceptions; availability of declarant immaterial.**  The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> **(b) Other exceptions.**
>
>> **(6) Records of regularly conducted activity.**  A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made in the course of a regularly conducted activity, at or near the time of the acts, events, conditions, opinions, or diagnoses, as shown by the testimony of the custodian or other qualified witness[.]

(Emphasis added).

7

> The sufficiency of the foundation evidence depends in part on the nature of the documents at issue. Documents that are "standard records of the type regularly maintained by firms in a particular industry may require less by way of foundation testimony than less conventional documents proffered for admission as business records."
>
> Thus, an employee of a business that receives records from another business can be a qualified witness who can establish a sufficient foundation for their admission as records of the receiving business under HRE Rule 803(b)(6).

Mattos, 140 Hawaiʻi at 32, 398 P.3d at 621 (quoting Fitzwater, 122 Hawaiʻi at 366, 227 P.3d at 532).

> Subsequently, as further explained in Behrendt:

> The court in Mattos held that a witness may be qualified to provide the testimony required by HRE Rule 803(b)(6) even if the witness is not employed by the business that created the document or lacks direct, personal knowledge of how the document was created. Id.  "There is no requirement that the records have been prepared by the entity that has custody of them, as long as they were created in the regular course of some entity's business." Id. (quoting State v. Fitzwater, 122 Hawaiʻi 354, 366, 227 P.3d 520, 532 (2010)). The witness, however, must have enough familiarity with the record-keeping system of the business that created the record to explain how the record was generated in the ordinary course of business. Id.

> Records received from another business and incorporated into the receiving business' records may in some circumstances be regarded as "created" by the receiving business. Id. Incorporated records are admissible under HRE Rule 803(b)(6) when a custodian or qualified witness testifies that the documents were incorporated and kept in the normal course of business, that the incorporating business typically relies upon the accuracy of the contents of the documents, and the circumstances otherwise indicate the trustworthiness of the document. See id.; Fitzwater, 122 Hawaiʻi at 367-68, 227 P.3d at 533-34.

142 Hawaiʻi at 45-46, 414 P.3d at 97-98 (emphases added).

Here, neither the verification by Jackson, the declaration by Salyers, nor the supplemental declaration by Patterson, contain the necessary foundation to support admission of the Note under Mattos, Behrendt or Kanahele to establish that U.S. Bank had possession of the Note when it commenced this foreclosure action, as required by Reyes-Toledo I.

In her verification, which was attached to the Verified Complaint, Jackson asserted "I have verified and hereby confirm possession of the original Note by [U.S. Bank][,]" and that "the

Note is indorsed in blank[.]"  However, Jackson does not establish she is a qualified witness under HRE Rule 803(b)(6) for admission of the Note.  In terms of her qualifications to admit the Note, Jackson's verification states only that she is "employed as a[n] Authorized Signatory by [Caliber], and that:

> 2.    I have access to and am familiar with Caliber's books and records regarding the Loan, including Caliber's servicing records and copies of the applicable loan documents.  I am familiar with the manner in which Caliber maintains its books and records, including computer records relating to the servicing of the Loan.  Caliber's records are made at or near the time of the occurrence of the matters set forth in such records, by an employee or representative with knowledge of the acts or events recorded.  Such records are obtained, kept and maintained by Caliber in the regular course of Caliber's business.  Caliber relies on such records in the ordinary course of its business.

Jackson's verification does not state that she is a custodian of records for Caliber.  Further, her verification does not demonstrate that she has "enough familiarity with the record-keeping system of the business that created the record to explain how the record was generated in the ordinary course of business."  Behrendt, 142 Hawaiʻi at 45, 414 P.3d at 97; Mattos, 140 Hawaiʻi at 32-33, 398 P.3d at 621-22.  Thus, Jackson's verification fails to establish that she is a "qualified witness" for purposes of admitting the Note under the HRE Rule 803(b)(6).

The Salyers Declaration, attached in support of U.S. Bank's summary judgment motion, likewise does not establish that Salyers is a custodian of records for Caliber or a qualified witness with regards to admitting the Note.  Salyers, a "Foreclosure Document Specialist II" employed by Caliber, attests in pertinent part:

> 2.    I have access to and am familiar with Caliber's books and records regarding the Loan, including Caliber's servicing records and copies of the applicable loan documents.  I am familiar with the manner in which Caliber maintains its books and records, including computer records relating to the servicing of the Loan.  Caliber's records are made at or near the time of the occurrence of the matters set forth in such records, by an employee or representative with knowledge of the acts or events recorded.  Such records are obtained, kept and maintained by Caliber in the regular course of Caliber's business.  Caliber relies on such records in the ordinary course of its business.  Caliber's records include and incorporate records

> for the Subject Loan obtained from JPMorgan Chase Bank, N.A. ("Prior Servicer"), the prior loan servicer for the Subject Loan. The records obtained by Caliber from the Prior Servicer are kept and maintained by Caliber in the ordinary course of its business for the purpose of maintaining an accounting of payments received, expenses incurred, and amounts advanced with regard to the Subject Loan, and such records are relied upon by Caliber in the regular course of its business.

However, Salyers does not attest to being familiar with the record-keeping system of Washington Mutual or JP Morgan. See Behrendt, 142 Hawaiʻi at 45-46, 414 P.3d at 97-98; Mattos, 140 Hawaiʻi at 32-33, 398 P.3d at 621-22.

Finally, even the supplemental declaration by Patterson fails to establish under Mattos and Behrendt that she is a custodian of records or a qualified witness for purposes of admitting the Note as evidence pursuant to HRE Rule 803(b)(6). Patterson attests, in pertinent part:

> 2. I have access to and am familiar with Caliber's books and records regarding the Loan, including Caliber's servicing records and copies of the applicable loan documents. I am familiar with the manner in which Caliber maintains its books and records, including computer records relating to the servicing of the Loan. Caliber's records are made at or near the time of the occurrence of the matters set forth in such records, by an employee or representative with knowledge of the acts or events recorded. Such records are obtained, kept and maintained by Caliber in the regular course of Caliber's business. Caliber relies on such records in the ordinary course of its business. Caliber's records include and incorporate records for the Loan obtained from JPMorgan Chase Bank, N.A. ("Prior Servicer"), the prior loan servicer for the Loan. The records obtained by Caliber from the Prior Servicer are kept and maintained by Caliber in the ordinary course of its business for the purpose of maintaining an accounting of payments received, expenses incurred, and amounts advanced with regard to the Loan, and such records are relied upon by Caliber in the regular course of its business. The information regarding the Loan transferred to Caliber from the Prior Servicer has been validated in many ways, including, but not limited to, going through a due diligence phase, review of hard copy documents, and review of the payment history and accounting of other fees, costs, and expenses charged to the Loan by Prior Servicer. It is Caliber's regular practice, after these phases are complete, to receive records from prior servicers and integrate these records into Caliber's business records at the time of acquisition. Once integrated, Caliber maintains and relies on these business records in the ordinary course of its mortgage loan servicing business.

Like Jackson and Salyers, Patterson does not attest to being familiar with the record-keeping system of JP Morgan (the prior

servicer) or Washington Mutual (which purportedly created and indorsed the Note in blank).

Without the required foundation for admission of the Note, Patterson's assertion that U.S. Bank, or its counsel Aldridge Pite, LLP (**Aldridge Pite**), was in possession of the original Note when this action was filed does not meet the requirements under Reyes-Toledo I, Mattos, or Behrendt.  Further, Patterson's reliance on an Attorney Bailee Letter Agreement, signed by Caliber "Authorized Signatory" Williams and a representative from Aldridge Pite, and the Certification signed by Caliber "Authorized Signatory" Martin, are similarly unhelpful in establishing the requirements under Reyes-Toledo I.  Neither document helps to establish a sufficient basis to admit the Note, the Certification does not certify possession of the original Note by U.S. Bank at the time the Verified Complaint was filed, and the Attorney Bailee Letter was executed approximately nine months after U.S. Bank commenced the foreclosure action.

Finally, we reject U.S. Bank's argument that Verhagen's failure to file an opposition to the Motion to Ratify constituted a waiver of Verhagen's right to challenge the Motion to Ratify or the Patterson declaration on appeal.  The Motion to Ratify sought to have the Circuit Court clarify its previous summary judgment ruling.  For purposes of summary judgment:

> the moving party has the burden of producing support for its claim that: (1) no genuine issue of material fact exists with respect to the essential elements of the claim or defense which the motion seeks to establish or which the motion questions; and (2) based on the undisputed facts, it is entitled to summary judgment as a matter of law.  Only when the moving party satisfies its initial burden of production does the burden shift to the non-moving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.

Mattos, 140 Hawaiʻi at 30, 398 P.3d at 619 (emphasis added).  Here, where U.S. Bank as summary judgment movant did not meet its initial burden, the burden did not shift to Verhagen.  Moreover, the ultimate burden of persuasion always remains with U.S. Bank and requires U.S. Bank to convince the court that no genuine

issue of material fact exists and that it is entitled to summary judgment as a matter of law.  Id.  U.S. Bank did not establish its entitlement to summary judgment and Verhagen's failure to challenge the Motion to Ratify is of no consequence in our review of the summary judgment rulings by the Circuit Court.

In light of the admissible evidence in the record, U.S. Bank failed to demonstrate that it was in possession of the original, blank indorsed Note at the time this action was commenced.  We need not address Verhagen's other arguments, including his contention that the blank indorsement on the Note by Cynthia A. Riley was fraudulent.

Viewing the facts and inferences in the light most favorable to Verhagen, as we must for purposes of reviewing a summary judgment ruling, Reyes-Toledo I, 139 Hawaiʻi at 371, 390 P.3d at 1258, there is a genuine issue of material fact as to whether U.S. Bank had standing and was entitled to enforce the subject Note when this foreclosure action was commenced.  Thus, under Reyes-Toledo I, Mattos and Behrendt, U.S. Bank has not met its initial burden to show that it was entitled to summary judgment for the decree of foreclosure.

### III.  Conclusion

Based on the foregoing, the following entered by the Circuit Court of the Second Circuit are vacated:

(1) the September 25, 2017 Judgment;

(2) the September 25, 2017 "Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Filed January 31, 2017";

(3) the October 8, 2018 "Amended Judgment"; and

(4) the October 8, 2018 "Amended Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Filed January 31, 2017."

This case is remanded to the Circuit Court for further proceedings.[4]

DATED:  Honolulu, Hawaiʻi, October 2, 2020.

On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
Gary Victor Dubin,
Frederick J. Arensmeyer,                /s/ Derrick H.M. Chan
for Defendants-Appellants.              Associate Judge

David B. Rosen,                         /s/ Keith K. Hiraoka
David E. McAllister,                    Associate Judge
Justin S. Moyer,
for Plaintiff-Appellee.

---

[4]  On remand, the parties may need to address the Hawaiʻi Supreme Court's "Order Regarding Foreclosure or Non-Judicial Foreclosure Related Actions: Certification of Compliance With the Coronavirus Aid, Relief, and Economic Security Act in Foreclosures" issued on June 26, 2020, which was further extended by way of an order filed by the Hawaiʻi Supreme Court on August 28, 2020.