**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000568**
**25-MAY-2023**
**07:57 AM**
**Dkt. 122 SO**

NO. CAAP-19-0000568

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ASSOCIATION OF OWNERS OF ORCHID MANOR, by its Board of Directors,
Plaintiff/Counterclaim Defendant-Appellee,
v.
EUGENE GEORGE WARNER, Defendant/Counterclaimant-Appellant,
and
UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF HAWAII;
JOHN DOES 1-5; JANE DOES 1-5; DOE PARTNERSHIPS 1-5; DOE
CORPORATIONS 1-5; DOE ENTITIES 1-5 and DOE GOVERNMENTAL
UNITS 1-5, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC171000164)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Self-represented Defendant/Counterclaimant-Appellant Eugene George **Warner** appeals from the: **(1)** order denying his motion to strike the complaint filed by Plaintiff/Counterclaim Defendant-Appellee **Association** of Owners of Orchid Manor, entered by the Circuit Court of the Third Circuit on August 28, 2018; **(2)** order denying his motion to dismiss the Association's complaint, entered on December 31, 2018; **(3)** amended order granting the Association's motion for summary judgment and interlocutory decree of foreclosure, entered on May 11, 2020; **(4)** amended foreclosure judgment, entered on May 11, 2020; and

**(5)** order dismissing his counterclaim, entered on July 25, 2018.[1] For the reasons explained below, we affirm (1), (2), (3), and (4), but vacate (5) and remand for further proceedings on Warner's counterclaim.

Warner owned unit 306 of the Orchid Manor condominium. On May 22, 2017, the Association filed a complaint for foreclosure, alleging that Warner failed to pay common expenses and assessments. Warner answered the complaint, asserted a counterclaim, and moved to strike the complaint. The motion to strike was denied.

The Association moved to dismiss the counterclaim. The motion was heard on June 27, 2018.[2] The circuit court orally granted the motion. Warner moved for reconsideration on July 9, 2018. A written order granting the Association's motion was entered on July 25, 2018. The record doesn't reflect a disposition of Warner's motion for reconsideration.

Warner filed a motion to dismiss the Association's complaint on September 13, 2018. The motion was denied.

The Association moved for partial summary judgment and an interlocutory decree of foreclosure on May 13, 2019. Warner filed a memorandum in opposition on May 28, 2019. The motion was heard on July 12, 2019. The circuit court orally granted the motion. Warner filed a notice of appeal in the circuit court on August 9, 2019. On September 27, 2019, the circuit court entered findings of fact, conclusions of law, and an order granting the Association's motion, and a foreclosure judgment. Warner's notice of appeal is deemed to have been filed on that date. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(2).

While this appeal was pending we temporarily remanded the case for entry of an amended order and amended judgment, pursuant to Life of the Land v. Ariyoshi, 57 Haw. 249, 252, 553

---

[1]     The Honorable Henry T. Nakamoto presided.

[2]     The record on appeal contains no transcripts of any hearings held before the circuit court.

P.2d 464, 466 (1976).  On remand, the circuit court entered the "Amended Findings of Fact, Amended Conclusions of Law, and Amended Order Granting Plaintiff Association of Owners of Orchid Manor's Motion for Summary Judgment Against All Named Defendants, for Interlocutory Decree of Foreclosure, and for Entry of Final Judgment" (**Foreclosure Order**) and the "Amended Judgment on Amended Findings of Fact, Amended Conclusions of Law, and Amended Order Granting Plaintiff Association of Owners of Orchid Manor's Motion for Summary Judgment Against All Named Defendants, for Interlocutory Decree of Foreclosure, and for Entry of Final Judgment" (**Foreclosure Judgment**) on May 11, 2020.

Warner's opening brief doesn't comply with HRAP Rule 28.  However, to promote access to justice, we interpret pleadings prepared by self-represented litigants liberally and attempt to afford them appellate review even if they don't comply with court rules.  Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).  We address Warner's arguments to the extent we are able to discern and understand them.

**(A)**  Warner contends that the circuit court erred by failing to dismiss the Association's complaint.  A circuit court order on a motion to dismiss is reviewed de novo.  Flores v. Logan, 151 Hawaiʻi 357, 366, 513 P.3d 423, 432 (2022).  "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief."  Id. (citation omitted).  "Our review is strictly limited to the allegations of the complaint, which we view in the light most favorable to the plaintiff and deem to be true."  Id. (cleaned up).  The allegations in the Association's complaint, if true, would entitle the Association to legal relief against Warner.  The circuit court did not err in denying Warner's motion to strike or his motion to dismiss.

**(B)**  Warner contends that the circuit court erred by granting the Association's motion to dismiss his counterclaim. The counterclaim, viewed in the light most favorable to Warner,

alleged that the Association: breached a contract to repair Warner's unit and limited common elements; failed to abate asbestos in the walls and ceilings of Warner's unit; and tortiously interfered with his contract with his tenant. If true, Warner could be entitled to legal relief. Accordingly, the circuit court erred by granting the Association's motion to dismiss Warner's counterclaim.

**(C)** Warner contends he is entitled to "subrogation," but fails to establish to whose rights he is subrogated, or the nature of the Association's alleged liability to the alleged subrogor. See State Farm Fire & Cas. Co. v. Pac. Rent-All, Inc., 90 Hawaiʻi 315, 328–29, 978 P.2d 753, 766–67 (1999) (explaining equitable/legal and conventional subrogation).

**(D)** Warner contends he was deprived of due process. He filed an opposition to the Association's motion for partial summary judgment and interlocutory decree of foreclosure. He attended the hearing on the motion and presented argument. His contention that he was deprived of due process is without merit. Warner also argues that the circuit court failed to make findings of fact and conclusions of law. The circuit court is not required to enter findings or make conclusions when ruling on motions to strike or dismiss. See HRCP Rule 52.

**(E)** Warner makes a number of contentions about rescission of contract, fiduciary fraud, fraud on the court, false claims cover-up, corruption, human rights violations, and other misconduct by the Association. But his brief cites no evidence in the record supporting his arguments, and lacks any coherent legal argument. We disregard his contentions.

**(F)** Finally, Warner argues that the circuit court erred by granting the Association's motion for partial summary judgment. We have jurisdiction to review the Foreclosure Order and Foreclosure Judgment under HRS § 667-51(a)(1) (2016). Warner fails to articulate the applicable legal standard or explain how it wasn't met by the Association in this case.

4

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Nozawa v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 342, 418 P.3d 1187, 1198 (2018). The party moving for summary judgment has the burden to show that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. Id. Once the movant has satisfied its initial burden, the party opposing summary judgment must "demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." Id. (citations omitted). A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. Id.

The Association's motion established that Warner was in default of maintenance fees and assessments owed to the Association. Warner's response admitted he was in arrears, but didn't show that he was entitled to any of the remedies provided by HRS § 514B-146 (2018) or HRS § 667-19 (2016). The circuit court did not err by granting the Association's motion for partial summary judgment or by entering the Foreclosure Judgment.

For the foregoing reasons, we affirm the: **(1)** "Order Denying Defendant/Counterclaim Plaintiff Eugene George Warner's (1) Motion to Strike Plaintiff's Complaint Filed May 22, 2017, Filed June 20, 2018, and (2) Motion to Compel Filed June 5, 2018" entered on August 28, 2018; **(2)** "Order Denying Defendant/ Counterclaim Plaintiff Eugene George Warner's Second Motion to Dismiss Plaintiff's Claim for Fraud upon the Court and Second Motion to Reinstate Defendant/Counter Claimant's Claim for Harm Due to Gross Negligene [sic], Bad Faith and Loss of Business Filed September 13, 2018" entered on December 31, 2018; **(3)** "Amended Findings of Fact, Amended Conclusions of Law, and Amended Order Granting Plaintiff Association of Owners of Orchid

5

Manor's Motion for Summary Judgment Against All Named Defendants, for Interlocutory Decree of Foreclosure, and for Entry of Final Judgment" entered on May 11, 2020; and **(4)** "Amended Judgment on Amended Findings of Fact, Amended Conclusions of Law, and Amended Order Granting Plaintiff Association of Owners of Orchid Manor's Motion for Summary Judgment Against All Named Defendants, for Interlocutory Decree of Foreclosure, and for Entry of Final Judgment" entered on May 11, 2020.  We vacate the "Order Granting Plaintiff/Counterclaim Defendant's Motion to Dismiss Defendant/ Counterclaim Plaintiff Eugene George Warner's Verified Counterclaim Against Association of Owners of Orchid Manor Filed November 6, 2017, Filed on June 8, 2018" entered on July 25, 2018, and remand for further proceedings on the counterclaim.

DATED:  Honolulu, Hawaiʻi, May 25, 2023.

On the briefs:

Eugene George Warner,
Self-represented Defendant/
Counterclaimant-Appellant.

Christopher Shea Goodwin,
Robert S. Alcorn,
Ann E. McIntire,
for Plaintiff/Counterclaim
Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge