**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000695
30-JAN-2026
08:16 AM
Dkt. 228 SO**

NOS. CAAP-23-0000695 AND CAAP-24-0000314

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

RONDA BESELT, Plaintiff-Appellant,
v.
WALDORF=ASTORIA MANAGEMENT LLC,
a foreign limited liability company,
Defendant/Cross-claim Defendant-Appellee, and
DEPARTMENT OF LAND AND NATURAL RESOURCES, STATE OF HAWAIʻI,
Defendant/Cross-claimant-Appellee, and
JOHN DOES 1-5; JANE DOES 1-5; ROE CORPORATIONS 1-5;
ROE NON-PROFIT CORPORATIONS 1-5; and
ROE GOVERNMENTAL AGENCIES 1-5, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC161000597)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Self-represented Plaintiff-Appellant Ronda Beselt

(**Beselt**) appeals from the Circuit Court of the Second Circuit's

(1) October 26, 2023 order denying her Hawaiʻi Rules of Civil

Procedure (**HRCP**) **Rule 60(b)(6) Motion** and (2) March 27, 2024

order denying her motion to reconsider the deadline to withdraw the settlement money (**Withdrawal Deadline**).[1]

On appeal, Beselt challenges the circuit court's denial of her (1) HRCP Rule 60(b)(6) Motion, (2) request to supplement the record under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 10(e), and (3) motion to reconsider the Withdrawal Deadline.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

According to Beselt, she was visiting Maui from Canada with her husband and two children in January 2015. While at the beach fronting the Grand Wailea Resort (**Grand Wailea**), a beach umbrella became airborne and struck her in the head.

Although much litigation stemmed from this incident, we recount only the procedural background relevant to this appeal.

In December 2016, Beselt filed a complaint, and later a first amended complaint in January 2017, against

---

[1] The Honorable Peter T. Cahill presided.

Beselt was represented by Kai Lawrence (**Lawrence**) at the time the appeals were filed, but Lawrence withdrew after briefing in this case was completed.

Waldorf=Astoria Management LLC (**Waldorf**), a foreign limited liability company doing business as the Grand Wailea.

In August 2019, Beselt and Waldorf entered into a "Joint Tortfeasor Release and Indemnification Agreement" (**Settlement Agreement**). (Formatting altered.) Beselt made handwritten amendments to the Settlement Agreement and initialed those amendments. Beselt consulted an attorney regarding the Settlement Agreement. Beselt signed and dated the Settlement Agreement and had it notarized. In accordance with the Settlement Agreement, Beselt signed a "Stipulation for Dismissal with Prejudice of All Claims and All Parties" (**Stipulation to Dismiss**). (Formatting altered.)

However, the Stipulation to Dismiss could not be filed until the settlement funds were paid, and the settlement funds could not be paid until all the conditions of the Settlement Agreement were satisfied, including attorneys' liens, which Beselt had not yet paid.

In May 2021, about twenty-one months after signing the Settlement Agreement, Beselt moved to stay the proceedings and set aside the Settlement Agreement, which the circuit court denied. Beselt moved for reconsideration, which the circuit court also denied. Beselt appealed, creating CAAP-21-0000463.

In June 2021, Waldorf moved to deposit the settlement funds with the court, with the funds to be disbursed after Beselt satisfied her attorneys' lien. The circuit court granted the motion, retained jurisdiction regarding the disposition of the deposited funds, and ordered that if the funds "are not withdrawn in full within five (5) years of the date of deposit, any monies not yet withdrawn will escheat to the State of Hawaiʻi." Beselt appealed, creating CAAP-21-0000490.

Ultimately, the circuit court dismissed the case with prejudice. Beselt appealed, creating CAAP-21-0000492.

Beselt's appeals in CAAP-21-0000463, CAAP-21-0000490, and CAAP-21-0000492 were consolidated (**First Appeal**). Following remand from this court, the circuit court entered its January 12, 2022 Amended Final Judgment dismissing all parties and claims. In the First Appeal, Beselt raised as an issue her mental capacity to settle the case. Beselt v. Waldorf=Astoria Mgmt. LLC, 155 Hawaiʻi 178, 557 P.3d 907, Nos. CAAP-21-0000463, CAAP-21-0000490, and CAAP-21-0000492, 2024 WL 4534146, at *1 (App. Oct. 21, 2024) (SDO). This court affirmed the circuit court's final judgment. Id. at *3.

In September 2023, while the First Appeal was pending before this court, Beselt filed her HRCP Rule 60(b)(6) Motion for relief from judgment. The circuit court denied Beselt's HRCP Rule 60(b)(6) Motion, explaining it lacked jurisdiction and

4

was "not inclined to grant such a request."  Beselt appealed, creating CAAP-23-0000695.

In January 2024, Beselt requested the circuit court remove the five-year deadline to withdraw the settlement funds and to place the settlement funds into a "high-yield interest-bearing account."  The circuit court permitted the settlement funds to be deposited into an interest-bearing account.  The circuit court later ruled, among other things, that the five-year deadline was extended to the "shorter or sooner" date of January 1, 2027, or until "[a] final judgment [was] entered by any appellate court on the issue of the validity of the settlement."  Beselt moved for reconsideration; the circuit court denied Beselt's motion but revised the extension to say the "effective date of a final judgment . . . ."  (Emphasis omitted.)  Beselt appealed, creating CAAP-24-0000314.

CAAP-23-0000695 and CAAP-24-0000314 were consolidated (**Second Appeal**), and this is the appeal we address today.

Again, in this Second Appeal, Beselt challenges the circuit court's denial of her (1) HRCP Rule 60(b)(6) Motion, (2) request to supplement the record under HRAP Rule 10(e), and (3) motion to reconsider the Withdrawal Deadline.

**(1)**  First, Beselt contends the circuit court abused its discretion in denying her HRCP Rule 60(b)(6) Motion.

Under HRCP Rule 60(b), the circuit court may relieve a party from a final judgment, order, or proceeding based on:

    (1)    Mistake, inadvertence, surprise, or excusable neglect;

    (2)    Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

    (4)    The judgment is void;

    (5)    The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

    (6)    Any other reason justifying relief from the operation of the judgment.

HRCP Rule 60(b) (formatting altered).  We review the denial of an HRCP Rule 60(b) motion for an abuse of discretion.  Mālama Kakanilua v. Dir. of Dep't of Pub. Works, 157 Hawaiʻi 280, 289, 576 P.3d 793, 802 (2025).

**(a)**  Beselt argues the circuit court disregarded Life of the Land v. Ariyoshi, 57 Haw. 249, 553 P.2d 464 (1976).  According to Beselt, Life of the Land held that jurisdiction to rule on an HRCP Rule 60(b) motion remains with the trial court while an appeal is pending, so the circuit court's ruling was erroneous.[2]

---

[2]  We note that Beselt also makes various arguments about the timeliness of the HRCP Rule 60(b)(6) Motion, but the circuit court's order does not reflect that the HRCP Rule 60(b)(6) Motion was denied for untimeliness.  Thus, we do not address the arguments related to timeliness.

In Life of the Land, the Hawaiʻi Supreme Court ruled that jurisdiction resided with the appellate court while an appeal was pending, but an HRCP Rule 60(b) motion "may be made and considered in the circuit court." 57 Haw. at 251, 553 P.2d at 466. "If that court indicates that it will grant the motion, the appellant may then move in this court for a remand of the case," and "[d]uring the pendency of the motion in the circuit court, the parties may move in this court for such relief from the appeal requirements as may be appropriate." Id.

Here, the circuit court denied Beselt's HRCP Rule 60(b)(6) Motion "[o]n the grounds that the Court lacks jurisdiction to hear the motion and is not inclined to grant such a request." When Beselt filed her HRCP Rule 60(b)(6) Motion on September 25, 2023, the First Appeal was pending before this court. Thus, this court (not the circuit court) had jurisdiction over the case.

As such, the circuit court properly interpreted Life of the Land and acknowledged that it did not have jurisdiction. See 57 Haw. at 251, 553 P.2d at 466. Moreover, the court indicated it was not inclined to grant her HRCP Rule 60(b)(6) Motion. If the circuit court was inclined to grant the HRCP Rule 60(b)(6) Motion, in accordance with Life of the Land, it would be up to Beselt to move for remand so that jurisdiction

7

may be transferred from this court to the circuit court.  See id.

Thus, indicating it "lacks jurisdiction to hear the motion and is not inclined to grant such a request" was not an abuse of the circuit court's discretion.

**(b)**  Beselt also argues that any denial of her HRCP Rule 60(b)(6) Motion on the merits was erroneous because relief should have been granted pursuant to HRCP Rule 60(b)(1) through (6) for various reasons.

But Beselt's HRCP Rule 60(b)(6) Motion was based on HRCP Rule 60(b)(6).  Thus, to the extent Beselt raises arguments pursuant to HRCP Rule 60(b)(1), (2), (3), and (5) on appeal, those arguments are waived.  See Right to Know Comm. v. City Council, 117 Hawaiʻi 1, 14, 175 P.3d 111, 124 (App. 2007) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal." (citation omitted)).  And as to Beselt's HRCP Rule 60(b)(4) argument that the judgment is void based on lack of jurisdiction because she had no mental capacity, this argument was raised and ruled on in Beselt, 2024 WL 4534146, at *1-2.

As to HRCP Rule 60(b)(6), Beselt argues she is entitled to relief pursuant to HRCP Rule 60(b)(6) because she

lacked capacity, she was unrepresented, and her numerous trial attorneys[3] committed gross negligence.

Under HRCP Rule 60(b)(6), "the movant must show that (1) the motion is based on some reason other than those specifically stated in clauses 60(b)(1) through (5); (2) the reason urged is such as to justify the relief; and (3) the motion is made within a reasonable time." Cvitanovich-Dubie v. Dubie, 125 Hawaiʻi 128, 144, 254 P.3d 439, 455 (2011) (citation and emphasis omitted). HRCP Rule 60(b)(6) "provides for extraordinary relief and is only invoked upon a showing of exceptional circumstances." Hawaiʻi Hous. Auth. v. Uyehara, 77 Hawaiʻi 144, 148, 883 P.2d 65, 69 (1994) (internal quotation marks and citation omitted).

"Equity principles guide Rule 60(b) motions." Franco v. Reinhardt, 153 Hawaiʻi 406, 415, 539 P.3d 934, 943 (2023). HRCP Rule 60(b)(6) relief "is not for the purpose of relieving [parties] from free, calculated and deliberate choices [they have] made," and a "party remains under a duty to take legal steps to protect [its] own interests." Citicorp Mortg., Inc. v. Bartolome, 94 Hawaiʻi 422, 436, 16 P.3d 827, 841 (2000) (citation

---

[3] Beselt's trial attorneys and the dates of their withdrawal are as follows: (1) Matson Kelley and Alex Wilkins withdrew in May 2017; (2) James J. Bickerton, Nathan P. Roehrig, and Robert S. Miyashita withdrew in May 2018; (3) Michael J. Green and Peter C. Hsieh (**Hsieh**) withdrew in August 2019; and (4) Arnold T. Phillips II withdrew in 2023.

omitted), <u>overruled on other grounds by</u> Mālama Kakanilua, 157 Hawaiʻi at 290-92, 576 P.3d at 803-05.

There are no exceptional circumstances here. Beselt attempts to undo the Settlement Agreement. An agreement to which Beselt made hand-written edits. Beselt initialed those hand-written edits. Beselt consulted an attorney regarding the Settlement Agreement.[4] Beselt then signed and dated the Settlement Agreement. Beselt had the Settlement Agreement notarized. And Beselt signed the Stipulation to Dismiss in compliance with the Settlement Agreement.

A reasonable inference from these uncontested facts is that Beselt's agreement to settle was a free, calculated, and deliberate choice, and that she took steps to protect her interests. The extraordinary relief provided for under HRCP Rule 60(b)(6) was not warranted under these circumstances.

Thus, the circuit court did not abuse its discretion when it indicated it was not inclined to grant relief under HRCP Rule 60(b)(6).

**(2)** Beselt next contends she is entitled to relief pursuant to HRAP Rule 10(e) because one of her trial attorneys

---

[4] Along with consulting John Rapp (**Rapp**), Beselt also consulted with James Krueger prior to entering into the Settlement Agreement. It appears that Rapp even communicated with Waldorf's counsel "in a series of communications" regarding "suggested revisions and comments to the [Settlement Agreement]."

suffered from severe "mental and physical ailments" during his representation of Beselt that "limited his ability to advocate properly in the case." This, Beselt contends, warrants supplementing and/or clarifying the record on appeal with expert reports that allegedly demonstrate her own diminished capacity.[5]

HRAP Rule 10(e) allows for correction or modification of the record if differences arise as to what truly occurred or if something material was erroneously or accidently omitted:

> **(e) Correction or modification of the record.**
>
> (1) If any differences arise as to whether the record truly discloses what occurred in the court or agency appealed from, the differences shall be submitted to and settled by that court or agency and the record made to conform to the truth.
>
> (2) If anything material to any party is omitted from the record by error or accident or is misstated therein, corrections or modifications may be as follows:
>
> (A) by the stipulation of the parties; or
>
> (B) by the court or agency appealed from, either before or after the record is transmitted; or
>
> (C) by direction of the appellate court before which the case is pending, on proper suggestion or its own initiative.
>
> (3) All other questions as to the form and contents of the record shall be presented to the appellate court before which the case is pending.

(Formatting altered.)

---

[5] In making this argument, Beselt improperly attaches appendices that are not in the record on appeal. This court does not consider matters outside of the record on appeal. Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 229 n.2, 909 P.2d 553, 557 n.2 (1995); HRAP Rule 10(a).

Beselt fails to show that the expert reports were filed and erroneously or accidentally omitted. Instead, Beselt attempts to supplement the record on appeal with new evidence.[6]

Thus, Beselt is not entitled to relief under HRAP Rule 10(e).

**(3)** Finally, Beselt contends the circuit court abused its discretion when it "failed to adequately address" the Withdrawal Deadline, arguing the First Appeal would not likely be resolved by then and Attorney Peter C. Hsieh's (**Hsieh**) "bankruptcy would not be completed until November of 2028."[7]

Waldorf, however, asserts this court lacks jurisdiction over an appeal of the Withdrawal Deadline, because the circuit court's order "explicitly contemplates further action by the circuit court" as the Withdrawal Deadline may be "extended upon proper motion."

We address Waldorf's jurisdictional argument first. Hawaiʻi Revised Statutes (**HRS**) § 641-1(a) (2016) permits appeals

---

[6] Beselt attempted this same argument in CAAP-21-0000463 for similar expert reports, and this court ruled that Beselt failed to demonstrate that the expert reports were "omitted from the record by error or accident" as required by HRAP Rule 10(e) because Beselt did not argue that the reports were "offered or submitted for filing in the underlying case."

[7] Hsieh, one of Beselt's former attorneys, went through a Chapter 13 bankruptcy proceeding, resulting in a repayment plan beginning on November 2, 2023, and lasting for sixty months, or five years.

from "final judgments, orders, or decrees." Final orders are orders "ending the proceedings, leaving nothing further to be accomplished" and "an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Familian Nw., Inc. v. Cent. Pac. Boiler & Piping, Ltd., 68 Haw. 368, 369, 714 P.2d 936, 937 (1986) (citations omitted). Post-judgment orders are appealable final orders under HRS § 641-1(a) "if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003).

Here, the rights of the parties involved do not remain undetermined; rather, the circuit court's order set the deadline for the access or withdrawal of the settlement funds and simply permitted the parties to move for an extension if necessary. And the circuit court retained jurisdiction over the "disposition of the funds deposited," not the terms of the Withdrawal Deadline. Thus, we have jurisdiction over Beselt's appeal from the order denying her motion to reconsider the Withdrawal Deadline.

As to Beselt's contention, the circuit court did not abuse its discretion in adjusting the Withdrawal Deadline.

Hsieh and Michael J. Green (**Green**) placed an attorneys' lien on the settlement funds.[8]  According to the Settlement Agreement, Beselt can receive the settlement funds "only after all liens, claims or subrogation, and/or reimbursement . . . have been satisfied by" Beselt.

The circuit court allowed the funds to be deposited with the circuit court clerk and ordered that if the funds were "not withdrawn in full within five (5) years of the date of deposit, any monies not yet withdrawn will escheat to the State of Hawaiʻi."  The circuit court then provided Beselt some relief by extending the Withdrawal Deadline and accounting for the First Appeal pending at the time.  The circuit court also provided the option of moving to extend the Withdrawal Deadline if necessary.

As such, Beselt fails to show the circuit court disregarded rules or principals of law to her substantial detriment.

In light of the foregoing, we affirm the circuit court's October 26, 2023 order denying Beselt's HRCP

---

[8]  On February 1, 2021, Green and Hsieh moved to collect on the attorneys' lien (**Motion to Collect**).  On February 26, 2021, the circuit court orally denied the Motion to Collect, ruling that the attorneys' lien was a matter for arbitration.

Rule 60(b)(6) Motion and March 27, 2024 order denying Beselt's motion to reconsider the Withdrawal Deadline.

It is further ordered that all pending motions are denied.

DATED:  Honolulu, Hawaiʻi, January 30, 2026.

On the briefs:

Kai Lawrence,
for Plaintiff-Appellant.

Calvin E. Young,
Deirdre Marie-Iha,
Stacy Y. Ma, and
Kellie K.L. Wong,
(Goodsill Anderson Quinn &
Stifel),
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge