JOHN ALAN DADE and DORIS MAY GALL, Plaintiffs-Appellees,
*v.* JOHN CHRISTIAN KUHTA, Defendant-Appellant

NO. 7922

(CIVIL NO. 58200)

MARCH 9, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order taxing, as costs, $75 expended by appellees in attaching appellant's property. The appellant, defendant below, made an offer of judgment in the total amount of $760.15, plus reasonable costs accrued by appellees up to the making of that offer. The appellees accepted the offer, and judgment was duly entered. Thereafter, appellees sought to have their costs taxed against appellant. The present dispute concerns a $75 fee paid by appellees in connection with a bond for the attachment of appellant's property. The court entered an order holding the bond fee payment properly taxable, and this appeal followed. We affirm.

Appellant contends that under § 651-19, HRS, the expense of attachment in all cases has to be paid by the plaintiff. That section reads:

Whenever an order has been made discharging or releasing an attachment upon real property, a certified copy of the order may be recorded in the office in which a copy of the writ has been

recorded under section 651-9 and be indexed in like manner. All expenses relating to the attachment shall be paid by the plaintiff.

Appellant's contention is that the last sentence of the section just quoted applies generally and is not limited, in its effect, to the situation where an order has been made discharging or releasing an attachment. However, the same section appeared as § 233-19, Revised Laws of Hawaii 1955, but it then read as follows:

Whenever an order has been made discharging or releasing an attachment upon real property, a certified copy of the order may be filed in the office in which a copy of the writ has been filed under section 233-9 and be indexed in like manner, and all expenses relating to the attachment shall be paid by the plaintiff.

The only subsequent amendment to that section was by Act 33, § 8 of the Session Laws of 1966, but that amendment merely changed the word "filed" in lines 4 and 5 to the word "recorded". It thus appears that the deletion of the comma and the word "and" and the conversion of the last phrase in § 233-19, Revised Laws of Hawaii 1955 into the last sentence appearing in § 651-19, HRS, was done by the revisor of statutes at the time of the publication in 1968 of the Hawaii Revised Statutes. The revisor's powers were founded upon the then § 2-6, HRS, first enacted as § 6 of Act 191 of the Session Laws of Hawaii 1959. That section allows the revisor to

[M]ake such other changes in any act incorporated in the supplements as shall be necessary to conform the style thereof as near as may be with that of the last revision of the laws of Hawaii; provided that in making such revisions, he shall not alter the sense, meaning or effect of any act.

It is thus apparent that the change, making the last provision in what is now § 651-19, HRS, a separate sentence, did not change its meaning. Clearly, therefore, that sentence is effective only when an order has been made discharging or releasing an attachment upon real property.

In our case, upon an examination of the record, it appears that at the time the order on costs was entered below, the writ of attachment had not been discharged. The order on the matter was entered April 15 at 9:37 a.m. and the stipulation and order for discharge was entered two days later, on April 17 at 11:50 a.m. Thus, § 651-19, HRS, does not govern the present appeal.

Instead, the matter of whether the charges for the attachment

bond should be allowed as costs is governed by Rule 54(d), HRCP, and HRS § 607-9. As the Supreme Court of Hawaii noted in *Turner v. Willis*, 59 Haw. 319, 582 P.2d 710 (1978), a trial court is vested with considerable discretion in allowing or disallowing cost items. We see no abuse of discretion in the allowance of the bond fee in this case. Accordingly, the order below is affirmed.

*Boyce R. Brown, Jr. (Mary Blaine Durant* with him on the briefs, *Brown & Bettencourt* of counsel) for appellant.

*Fred Paul Benco* for appellees.