**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000757
08-DEC-2025
08:00 AM
Dkt. 92 SO**

NO. CAAP-23-0000757

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE ARBITRATION OF

NORDIC PCL CONSTRUCTION, INC., formerly known as NORDIC
CONSTRUCTION, LTD.,
a corporation, Claimant/Counterclaim Respondent-Appellee, v.
LPIHGC, LLC, Respondent/Counterclaimant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1SP101000346)

### SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and Guidry, JJ.)

**LPIHGC**, LLC appeals from the ***Final Judgment*** entered by
the Circuit Court of the First Circuit on September 23, 2025.[1]
LPIHGC challenges the October 20, 2017 order granting **Nordic** PCL
Construction, Inc.'s motion for taxation of costs.[2]  We hold:
(1) the Circuit Court was authorized, under Hawaii Revised
Statutes (**HRS**) § 658A-25(b) (2016), to award Nordic its
reasonable costs incurred on appeal once it vacated the
arbitration award after conducting the evidentiary hearing
mandated by the supreme court, and premiums for a supersedeas
bond are costs taxable under HRS § 607-9 (2016); but (2) certain

---

[1]    The Honorable Karin L. Holma presided.

[2]    The Honorable Jeffrey P. Crabtree presided.

of Nordic's bond premium payments were not reasonable; and (3) certain of the costs awarded to Nordic were not taxable. Accordingly, we vacate the Final Judgment and remand for further proceedings. Nordic's October 7, 2025 *Motion to Remand to Correct Omission of Costs Order from Judgment* is denied as unnecessary.

LPIHGC and Nordic arbitrated a contract dispute. The arbitrator made an award for LPIHGC. LPIHGC opened the proceeding below to confirm the award. Nordic moved to vacate it, claiming evident partiality by the arbitrator. The Circuit Court confirmed the award and entered a judgment for LPIHGC in 2011. In re Arb. of Nordic PCL Constr., Inc. v. LPIHGC, LLC, 136 Hawaiʻi 29, 38, 358 P.3d 1, 10 (2015) (**Nordic I**). Nordic appealed, and posted a supersedeas bond. We vacated the judgment because the arbitrator hadn't made certain disclosures. In re Arb. of Nordic PCL Constr., Inc. v. LPIHGC, LLC, No. CAAP-11-0000350, 2014 WL 624870 (Haw. App. Feb. 14, 2014) (mem. op.), vacated by Nordic I. On certiorari, the supreme court vacated our judgment on appeal and the Circuit Court's judgment, and directed the Circuit Court to hold an evidentiary hearing "to determine whether reasonable inquiry and disclosure standards were met[.]" Nordic I, 136 Hawaiʻi at 54, 358 P.3d at 26.

In 2017, after conducting an evidentiary hearing, the Circuit Court vacated the award and ordered a new arbitration before a different arbitrator.[3] Nordic then moved for taxation of costs. It requested "$229,602 for premiums for the supersedeas bond Nordic was required to post in order to stay execution of the judgment[.]" Nordic explained it paid premiums of "$48,000 per year until the ICA's [2014] decision" ($144,000, which we had awarded but the supreme court vacated), "and then $28,534 per year for the next three years [(2015-17)]." The

---

[3] The Honorable Jeannette H. Castagnetti presided.

Circuit Court granted the motion, entering the order from which LPIHGC now appeals.

LPIHGC and Nordic rearbitrated their dispute. The arbitrator found that Nordic materially breached its subcontract; LPIHGC was not entitled to all of its claimed damages, or to withhold costs that Nordic budgeted but did not spend; Nordic was not entitled to recover delay damages or an early completion bonus; and Nordic was liable for liquidated damages and premiums LPIHGC paid for a bond to release the mechanics lien Nordic had filed against the project. The arbitrator awarded attorney fees to LPIHGC. The net award to LPIHGC was $1,937,474. <u>Nordic PCL Constr., Inc. v. LPIHGC, LLC</u>, No. CAAP-23-0000722, 2025 WL 751940, at *2-3 (Haw. App. Mar. 18, 2025) (mem. op.) (**Nordic II**), <u>cert. rejected</u>, SCWC-23-0000722, 2025 WL 2902945 (Haw. Oct. 13, 2025).

LPIHGC opened a new proceeding, JIMS No. **1CSP-23-0000427**, to confirm the award.[4] The circuit court confirmed the award. A judgment for LPIHGC against Nordic was entered in 1CSP-23-0000427 on December 1, 2023.[5] <u>Nordic II</u>, 2025 WL 751940, at *1.

On December 29, 2023, LPIHGC filed a notice of appeal from the October 20, 2017 order below taxing costs. We dismissed the appeal for lack of jurisdiction. <u>In re the Arb. of Nordic PCL Constr., Inc. v. LPIHGC, LLC</u>, 156 Hawaiʻi 16, 568 P.3d 76 (App. 2024), <u>vacated</u>, <u>Nordic PCL Constr., Inc. v. LPIHGC, LLC</u>, 156 Hawaiʻi 325, 574 P.3d 1273 (2025) (**Nordic III**). Nordic petitioned for certiorari. The supreme court held that an order denying confirmation of an arbitration award, vacating the award,

---

[4]    The supreme court advised that a motion to confirm the second award should have been filed in the proceeding in which the circuit court vacated the first award and ordered a new arbitration before a different arbitrator. <u>Nordic PCL Constr. Inc. v. LPIHGC, LLC</u>, 156 Hawaiʻi 325, 338, 574 P.3d 1273, 1286 (2025) (**Nordic III**).

[5]    The supreme court also advised that 1CSP-23-0000427 should have been consolidated with the proceeding below, and the circuit court should have issued "one final judgment regarding the two special proceedings." <u>Nordic III</u>, 156 Hawaiʻi at 338, 574 P.3d at 1286.

and ordering a rehearing before a new arbitrator is not an appealable order.  <u>Nordic III</u>, 156 Hawaiʻi at 337, 574 P.3d at 1285.

The supreme court noted that no judgment had been entered below.  <u>Nordic III</u>, 156 Hawaiʻi at 337, 574 P.3d at 1285. Although a judgment was entered in 1CSP-23-0000427, it did not allow appellate review of the order taxing costs below.  <u>Id.</u>  The court directed us, "[i]n furtherance of [its] policy of permitting litigants, where possible, to appeal and to have their cases heard on the merits," to

> temporarily remand the case to the circuit court in 1SP101000346 (the first special proceeding); with instructions to treat 1CSP-23-0000427 (the second special proceeding) as a continuation of 1SP101000346, enter a final judgment in the first special proceeding ***consistent with the judgment entered in the second special proceeding***, and to supplement the record on appeal with the new final judgment.

<u>Id.</u> (emphasis added).

We ordered a temporary remand as directed by the supreme court.  The Circuit Court entered the Final Judgment "in favor of [LPIHGC] and against [Nordic] on all claims herein." That was "consistent with the judgment entered in the second special proceeding," <u>Nordic III</u>, 156 Hawaiʻi at 337, 574 P.3d at 1285, which was for LPIHGC and against Nordic.  <u>Nordic II</u>, 2025 WL 751940, at *1.

After the supplemental record on appeal was filed, Nordic moved for another remand "to issue an amended judgment that includes the Circuit Court's award of $251,747.31 in costs to Nordic[.]"  LPIHGC responded that "the Judgment entered in LPIHGC's favor is entirely consistent with the outcome of these proceedings, the Supreme Court's order, and this Court's instructions to the Circuit Court."  Rather than delay these proceedings and have the parties incur additional fees and costs

4

to file an <u>Ariyoshi</u> motion,[6] and potentially have to file another notice of appeal,[7] we construe Nordic's motion to remand and LPIHGC's response as supplemental briefs, consistent with the supreme court's "policy of permitting litigants, where possible, to . . . have their cases heard on the merits," <u>Nordic III</u>, 156 Hawaiʻi at 337, 574 P.3d at 1285.

LPIHGC contends: (1) supersedeas bond premiums can be awarded only by an appellate court under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 39 and are otherwise not costs taxable under HRS § 607-9; (2) Nordic's bond premiums were not reasonable; and (3) certain other costs should not have been awarded.

**(1)** LPIHGC contends that supersedeas bond premiums can be awarded only by an appellate court under HRAP Rule 39(a). Nordic counters that the circuit courts may tax supersedeas bond premiums under HRS §§ 658A-25, 607-9. LPIHGC replies that Nordic should have requested taxation of costs from the supreme court because "HRAP Rule 39 specifically addresses supersedeas bond premiums as appellate costs [and] HRS § 607-9 and HRS § 658A-25(b) do not — rather they are more general statutes which generally address the award of costs."

We review the interpretation of court rules and statutes de novo, using principles of statutory construction. <u>Eason v. State</u>, 157 Hawaiʻi 252, 263, 576 P.3d 765, 776 (2025). We start with the language of the rule or statute. <u>Id.</u>

Relevant to this appeal, HRAP Rule 39 provides:

---

[6] <u>See</u> <u>Life of the Land v. Ariyoshi</u>, 57 Haw. 249, 252, 553 P.2d 464, 466 (1976) (while case is on appeal, a Haw. R. Civ. P. Rule 60(b) "motion may be made and considered in the circuit court" and, if circuit court "indicates that it will grant the motion," appellant may then move the appellate court for a temporary remand).

[7] If the Circuit Court granted an <u>Ariyoshi</u> motion and entered an amended judgment on a temporary remand, LPIHGC would arguably have to file a new notice of appeal and pay another filing fee. <u>See</u> <u>Enos v. Pac. Transfer & Warehouse, Inc.</u>, 80 Hawaiʻi 345, 355–56, 910 P.2d 116, 126–27 (1996) ("[S]ince an amended notice of appeal relates back to the notice of appeal it purports to amend, it does not appeal an order, judgment, or decree entered subsequent to the notice of appeal it purports to amend.").

> **(a) Civil costs; to whom allowed.** [In a civil case], . . . if a judgment is reversed . . . costs shall be taxed against the appellee . . . unless otherwise ordered; if a judgment is . . . vacated, . . . the costs shall be allowed only as ordered by the appellate court.
>
> . . . .
>
> **(c) Costs defined.** Costs in the appellate courts are defined as: . . .(2) the premiums paid for supersedeas bonds or other bonds to preserve rights pending appeal[.]

LPIHGC argues that HRAP Rule 39(a)'s statement, "if a judgment is . . . vacated, . . . costs shall be allowed only as ordered by the appellate court[,]" means that only an appellate court can tax costs incurred on an appeal. We construe HRAP Rule 39 *in pari materia* with HRAP Rule 35. Cf. HRS § 1-16 (2009) ("Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other."); Wells Fargo Bank, N.A. v. Omiya, 142 Hawaiʻi 439, 450, 420 P.3d 370, 381 (2018).

HRAP Rule 35(e) states, "the word 'reverse' ends litigation on the merits, and the phrase 'vacate and remand' indicates the litigation continues in the court or agency in accordance with the appellate court's instruction." The word "shall" in HRAP Rule 39(a), read with Rule 35(e), does not mean only an appellate court can tax costs if a judgment is vacated. It reflects that a decision vacating a judgment does not automatically determine a prevailing party; costs in that situation "shall" be taxed only if ordered by the appellate court; it does not mean no other court can tax costs, for example, on remand.

LPIHGC cites Wong v. Takeuchi, 88 Hawaiʻi 46, 55, 961 P.2d 611, 620 (1998) for the proposition that "[r]ecovery of costs is court level specific." In that case, the supreme court noted that the prevailing party's "cost request incorporates the costs for preparing both the motion for costs on appeal and the motion for costs at the circuit court." The supreme court held that "costs incurred after the conclusion of the circuit court proceeding, solely for the purpose of preparing a motion for

reimbursement of costs already incurred," were not taxable. Id. The court's statement, "This is an improper commingling of two separate actions[,]" id., was thus dicta.

Here, the supreme court vacated the judgment confirming the first award and remanded for the Circuit Court to hold an evidentiary hearing "to determine whether reasonable inquiry and disclosure standards were met[.]" Nordic I, 136 Hawaiʻi at 54, 358 P.3d at 26. Nordic was not yet a prevailing party entitled to recover costs. Cf. Deutsche Bank Nat'l Tr. Co. v. Kozma, 140 Hawaiʻi 494, 499, 403 P.3d 271, 276 (2017) (stating that when judgment on appeal "merely vacates a trial court judgment unfavorable to a party and places that party back where the party started, the judgment [on appeal] does not, in itself, provide any grounds for an award of attorney's fees to the party" (cleaned up)).

It wasn't until the Circuit Court entered its findings of fact, conclusions of law, and order vacating the award that Nordic became the prevailing party entitled to taxation of costs. HRS § 658A-25(b) then allowed the Circuit Court to award "reasonable costs of the motion [to . . . vacate . . .] and subsequent judicial proceedings." (Emphasis added.) In re Arb. Between United Public Workers, AFSCME, Local 646 & City & Cnty. of Honolulu, 119 Hawaiʻi 201, 209–10, 194 P.3d 1163, 1171–72 (App. 2008). Nordic's appeal from the denial of its motion to vacate was a subsequent judicial proceeding. We conclude that the Circuit Court was authorized, under HRS § 658A-25(b), to award Nordic its reasonable costs incurred on appeal once the first award was vacated after the evidentiary hearing mandated by the supreme court.

LPIHGC contends that premiums for supersedeas bonds are not costs taxable under HRS § 607-9. The statute contains a nonexclusive list of "actual disbursements" that when, "sworn to by an attorney or a party, and deemed reasonable by the court, may be allowed in taxation of costs." Premiums for supersedeas bonds, when reasonable, may be taxed as costs under HRS § 607-9.

Cf. <u>Dade v. Kuhta</u>, 3 Haw. App. 89, 641 P.2d 989 (1982) (attachment bond premium allowed in taxation of costs). We examine reasonableness in the next section.

**(2)** LPIHGC contends that some of the bond premiums Nordic paid were not reasonable, and should not have been taxed. "The award of a taxable cost is within the discretion of the trial court and will not be disturbed absent a clear abuse of discretion." <u>Wong</u>, 88 Hawaiʻi at 52, 961 P.2d at 617.

A supersedeas bond protects an appellee from potential loss created by a stay of execution on a judgment if the judgment is affirmed on appeal. <u>Kelepolo v. Fernandez</u>, 148 Hawaiʻi 182, 188, 468 P.3d 196, 202 (2020). LPIHGC argues it was not reasonable for Nordic to pay premiums to continue the bond after the supreme court vacated the judgment.

The supreme court's <u>Nordic I</u> opinion originally stated:

> Accordingly, we vacate the ICA's April 4, 2014 Judgment on Appeal and remand this case to the circuit court for an evidentiary hearing and entry of findings of fact and conclusions of law on Nordic's motion to vacate.
>
> . . . .
>
> Accordingly, we vacate the ICA's Judgment on Appeal and remand to the circuit court for further proceedings consistent with this opinion.

Nordic moved for reconsideration. It argued that because the supreme court vacated our judgment on appeal, "the circuit court's Final Judgment, which ruled in favor of LPIHGC and against Nordic on all three arguments raised by Nordic may be seen as continuing to be valid, in whole or in part."

The supreme court granted reconsideration and amended its opinion. The amended opinion stated:

> Accordingly, *we vacate* the ICA's April 4, 2014 Judgment on Appeal, and *the circuit court's March 24, 2011 Final Judgment*, thereby vacating the associated orders (1) granting LPIHGC's motion to confirm the Arbitration Award, and (2) denying Nordic's motion to vacate the Arbitration Award, and remand this case to the circuit court for an evidentiary hearing and entry of findings of fact and conclusions of law on Nordic's motion to vacate.

> . . . .
>
> Accordingly, *we vacate* the ICA's Judgment on Appeal, and ***the circuit court's March 24, 2011 Final Judgment***, thereby vacating the associated orders (1) granting LPIHGC's motion to confirm the Arbitration Award, and (2) denying Nordic's motion to vacate the Arbitration Award, and remand this case to the circuit court for further proceedings consistent with this opinion.

Nordic I, 136 Hawaiʻi at 31, 54, 358 P.3d at 3, 26 (emphasis added).

The supreme court's judgment on appeal was entered on August 27, 2015. Premiums paid to extend the bond after August 27, 2015, were not reasonable because after that date, there was no judgment that could have been executed against Nordic. See Kelepolo, 148 Hawaiʻi at 188, 468 P.3d at 202.

The one-year supersedeas bond incepted on April 6, 2011. Premiums were billed on April 25, 2011, February 24, 2012, March 19, 2013, and August 1, 2014, for coverage from April 6, 2011 until April 6, 2015. LPIGHC does not contest the reasonableness of those premiums.

LPIGHC argues that premiums for coverage after August 27, 2015, or "just under $57,068 or whatever the prorated amount would have been between April and August of 2015 + 2016 – 2017 fees should not have been granted[.]"

"Because there is a presumption that the prevailing party may be awarded its costs, the burden of showing that a particular cost request is unreasonable is more properly on the adverse party." Wong, 88 Hawaiʻi at 53, 961 P.2d at 618. It was reasonable for Nordic to renew the bond for coverage from April 6, 2015 to April 6, 2016. LPIGHC points to nothing in the record showing whether Nordic could have obtained a pro-rated refund of premiums paid before August 27, 2015, for coverage between August 27, 2015 and April 6, 2016. The Circuit Court did not err by taxing $28,534.00 for that premium period against LPIHGC.

But on this record, the Circuit Court acted outside its discretion by awarding Nordic its $28,534.00 bond premium cost for coverage after April 6, 2016.

**(3)** LPIHGC contends that certain other of Nordic's costs — "first class airfare, messenger fees, and attorneys' fees paid by Nordic to a third party in connection with a third-party subpoena" — should not have been awarded.

Nordic claimed "$1,187.02 for intrastate travel." HRS § 607-9 allows taxation of costs for "intrastate travel expenses for witnesses and counsel[.]" LPIHGC argues that "first-class airfare is not a reasonable expense." It does not cite Hawaiʻi authority for the proposition, nor do we find any. The Circuit Court acted within its discretion to tax that cost, which was actually paid by Nordic.

Nordic claimed "$372 for messenger delivery fees." Messenger fees are part of a firm's overhead, Cnty. of Hawaiʻi v. C&J Coupe Fam. Ltd. P'ship, 120 Hawaiʻi 400, 409, 208 P.3d 713, 722 (2009), and are not a taxable cost "except in the rare circumstance where the need in a particular case is extraordinary in its volume or nature[.]" Buscher v. Boning, 114 Hawaiʻi 202, 222, 159 P.3d 814, 834 (2007). Nordic's motion did not explain why the messenger fees were necessary because the case was extraordinary in volume or nature. On this record, the Circuit Court acted outside its discretion by taxing Nordic's messenger delivery fees against LPIHGC.

Nordic claimed "$2,602.09 in disbursements paid for the [Queen Liliʻuokalani Trust]'s attorneys' fees in responding to Nordic's subpoena" of the Trust's records. HRS § 607-9(a) provides: "No other costs of court shall be charged in any court in addition to those prescribed in this chapter in any suit, action, or other proceeding, except as otherwise provided by law." Nordic cites no provision in HRS Chapter 607 or other law prescribing attorney fees for responding to a subpoena duces tecum, and we find none. Cf. HRS § 607-8(a) (2016) (mileage for serving civil subpoena duces tecum); HRS § 607-12 (2016) (witness

attendance, mileage, and travel fees).  The Circuit Court acted outside its discretion by taxing the Trust's attorney fees against LPIHGC.

The September 23, 2025 *Final Judgment* is vacated and the October 27, 2017 order granting Nordic's motion for taxation of costs is vacated in part consistent with this summary disposition order.

This case is remanded to the Circuit Court.  On remand, the Circuit Court should **(1)** consolidate this case with 1CSP-23-0000427; then **(2)** enter an amended judgment **(a)** for LPIHGC and against Nordic confirming the interim and final awards from the second arbitration, **(b)** taxing costs for Nordic against LPIHGC consistent with this summary disposition order, and **(c)** dismissing any claims not specifically mentioned, see <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119-20, 869 P.2d 1334, 1338-39 (1994).

Nordic's October 7, 2025 *Motion to Remand to Correct Omission of Costs Order from Judgment* is denied as unnecessary.

DATED: Honolulu, Hawaiʻi, December 8, 2025.

On the briefs:

Terence J. O'Toole,
Judith A. Pavey,
Kukui Claydon,
for Respondent/
Counterclaimant-Appellant.

David Schulmeister,
Keith Y. Yamada,
Anna H. Oshiro,
Michael R. Soon Fah,
for Claimant/Counterclaim
Respondent-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge